**Ferd ALLEN et al., Appellants,**

v.

**Paul B. JOHNSON, Individually and as Governor and State Election Commissioner of the State of Mississippi et al., Appellees.**

**No. 24314.**

United States Court of Appeals
Fifth Circuit.

Jan. 4, 1968.

Opinion Filed Feb. 9, 1968.

Denison Ray, Elliott C. Lichtman, Jackson, Miss., for appellants.

Will S. Wells, Asst. Atty. Gen., Joe T. Patterson, Atty. Gen. of Mississippi, Jackson, Mississippi, for appellees.

Before JOHN R. BROWN, Chief Judge, TUTTLE, WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON and CLAYTON, Circuit Judges.

PER CURIAM:

The Court on its own motion has ordered that this case be reheard by reargument before the Court en banc. Since it was argued before a panel of this Court made up of Senior Judge

Rives, and Judges Goldberg and Ainsworth but no decision has been announced by that panel, the Court recognized that there might be some question as to whether Judge Rives is "competent" to sit as a member of the Court, under 28 U.S.C.A. § 46(c).

In response to the inquiry directed by the Court to counsel,[1] one of the parties, with deference has raised the question and it is necessarily presented to the Court for judicial determination. As requested by the Court the parties submitted written briefs to the Court and each party having waived oral argument, the Court has taken the matter under consideration.

For reasons which we shall set forth in an opinion to be hereafter filed, the Court is of the clear view that such a retired senior judge is competent and therefore Judge Rives is competent to sit in the rehearing en banc now scheduled for January 10–11, 1968. Judge Rives will be a member of the Court hearing and determining the case en banc.

1. The Court directed this letter to counsel in the case:
   "In the above case now set for en banc argument, Judge Rives, a Senior Circuit Judge, was a member of the Court hearing the arguments. As no opinion has been rendered by that panel (Judges Rives, Goldberg and Ainsworth), there may be some question as to whether Judge Rives is 'competent' to sit as a member of the Court hearing the reargument en banc as provided for in 28 U.S.C.A. § 46(c). See note*, Rabinowitz v. United States, 5 Cir., 1966, 366 F.2d 34 at 37 (en banc); and United States v. American Foreign Steamship Corp., 363 U.S. 685, 80 S.Ct. 1336, 4 L.Ed.2d 1491.
   "The parties are requested to advise the Court by letter within five (5) days whether such party raises such question."

1. This is one of the six cases heard en banc at Houston, Texas, January 10–11, 1968. The cases were: No. 23841, Palmer v. Thompson, 391 F.2d 324; No. 23125, Steele v. Taft; No. 24259, Miller v. Amusement Enterprises, Inc., 391 F.2d 86 [April 8, 1968]; No. 24314, Allen v.

## OPINION

### JOHN R. BROWN, Chief Judge:

■ The question presented for decision is whether a Senior Circuit Judge who sat on a three-judge panel of this Court in the original hearing of a case in which no decision was rendered or opinion announced prior to the Court's order setting the case down for rehearing en banc is eligible to participate in the en banc determination of that case. Since the issue is squarely presented in the present case [1] and because of its importance to sound judicial administration, this Court on its own motion advised counsel for both parties that some difference of opinion might exist as to whether such a Judge would indeed be "competent" under 28 U.S.C.A. § 46(c).[2] One of the parties in response to the Court's invitation having raised the question, it is now properly before us for consideration.

To assure that the Court hearing the merits of the case was properly constituted and the parties advised thereof in

Johnson, 391 F.2d 527; No. 23813, Luna v. Beto, 391 F.2d 329; No. 23963, United States v. Cocke.

2. Letter of Dec. 7, 1967, from Clerk of the Court to all counsel of record:
   "In [Allen v. Johnson] now set for en banc argument, Judge Rives, a Senior Circuit Judge, was a member of the Court hearing the arguments. As no opinion has been rendered by that panel (Judges Rives, Goldberg and Ainsworth), there may be some question as to whether Judge Rives is 'competent' to sit as a member of the Court hearing the reargument en banc as provided for in 28 USCA § 46(c). See note *, Rabinowitz v. United States, 5 Cir., 1966, 366 F.2d 34 at 37 (en banc); and United States v. American-Foreign Steamship Corp., 363 U.S. 685, 80 S.Ct. 1336, 4 L.Ed.2d 1491.
   "The parties are requested to advise the Court by letter within five (5) days whether such party raises such question. If any party does so, then separate briefs on this sole issue shall be filed on a schedule to be fixed by the Clerk."

advance of submission, the Court[3] announced its decision that such a Senior Judge is "competent" and constitutes a member of the Court.[4] But since this matter arises with some degree of frequency,[5] poses problems of court administration to both the Court and litigants, and, more important, goes to the very vitals of just what constitutes the "Court," we think our determination warrants an exposition of our reasons.

With Senior Judges cutting such a big figure in this Court's effort to keep up with its exploding docket,[6] see Shafroth, note 6 supra, the situation will recur even more frequently in the future.

The entire question centers around the meaning to be ascribed to 28 U.S.C.A. § 46(c),[7] covering en banc hearings, the ordinary composition of such court, and provisions for Senior Judges' participation. Specifically it narrows down the meaning of the single word "hearing" in the last sentence as it relates to the term "rehearing." Perhaps as a corollary it turns on "rehearing" as well since, so the argument runs, a rehearing normally seeks revision of an earlier decision.[8]

On the one hand it is urged that a "hearing" necessarily involves a determination of the case by the original three-judge panel. The consequence of this contention would be that a Senior Circuit Judge would not be eligible to sit on an en banc hearing unless the case had been decided and the judgment or opinion of the panel announced. On the other hand it is asserted that such a reading of the statute is unduly restrictive. And because such a reading would deprive the Court sitting en banc of the the work, research, study and deliberation done earlier by the Senior Circuit Judge during the pendency of the case before the panel, it is not reasonable to

**3.** Only the thirteen Judges in regular active service, 28 U.S.C.A. § 44, Pub.L.No. 89–372, § 1(c), participated in this decision.

**4.** The per curiam concluded:
"For reasons which we shall set forth in an opinion to be hereafter filed, the Court is of the clear view that such a retired senior judge is competent and therefore Judge Rives is competent to sit in the rehearing en banc now scheduled for January 10–11, 1968. Judge Rives will be a member of the Court hearing and determining the case en banc."

**5.** See United States v. American-Foreign S.S. Corp., 1963, 363 U.S. 685, 80 S.Ct. 1336, 4 L.Ed.2d 1491; Rabinowitz v. United States, 5 Cir., 1966, 366 F.2d 34 (en banc). Indeed, in another of the six cases, (No. 23125, Steele v. Taft, note 1 supra) the problem existed as to Senior Judge Jones. Although in response to the Court's inquiry (note 2 supra) no party raised the issue, the Court on the express basis of this decision on its own motion determined and announced that Judge Jones constituted a member of that Court.

**6.** In five of the six cases heard en banc at Houston (all except No. 23963, United States v. Cocke (note 1 supra)), a Senior Judge participated as a member of the three-judge panel.

Latest available figures from the Administrative Office reveal that for all eleven Circuit Courts of Appeals for fiscal year 1967 there were in the Circuit Courts a total of 14,108 sittings by Judges. Of these sittings, active resident judges accounted for 11,429 and Senior Judges of their respective Courts for 1,275. In the Fifth Circuit alone, there were 2,919 sittings (almost double the next highest figure, 1,596). Regular active judge sittings totaled 2,199 and Fifth Circuit Senior Judge sittings totaled 285, or 9.4%. Shafroth, Survey of the United States Courts of Appeals, 1967, 42 F.R.D. 243, 267–69.

**7.** "(c) Cases and controversies shall be heard and determined by a court or division of not more than three judges, unless a hearing or rehearing before the court in banc is ordered by a majority of the circuit judges of the circuit who are in regular active service. A court in banc shall consist of all circuit judges in regular active service. A circuit judge of the circuit who has retired from regular active service shall also be competent to sit as a judge of the court in banc in the rehearing of a case or controversy if he sat in the court or division at the original hearing thereof."

**8.** See proposed Uniform Rules of Appellate Procedure, Rule 40(a), 43 F.R.D. 103 (1968); cf. F.R.Civ.P. 59(a), (e).

suppose Congress desired or intended any such wasteful consequences.

The statute in question was undoubtedly precipitated by the situation presented in the Second Circuit which culminated in the decision in United States v. American-Foreign S.S. Corp., 1960, 363 U.S. 685, 80 S.Ct. 1336, 4 L.Ed.2d 1491.[9] In that case a three-judge panel (which included Judge Medina) of the Second Circuit heard an appeal from the District Court and rendered a decision in the case. A rehearing en banc was later ordered and argued but before the opinion of the Court en banc in the case was issued, Judge Medina retired from active service. He did, however, join in the Court's en banc final determination of the issues presented. On the Government's attack the Supreme Court held that the decision could not stand because the Court was improperly constituted with Judge Medina participating in the decision. The Supreme Court, having reached the conclusion that under the statute as it then stood only Judges in "regular active service" at the time of

the en banc decision would be eligible to sit en banc, noted[10] that the Judicial Conference of the United States had, in 1959, recommended passage of a law in precisely the language of what is now 28 U.S.C.A. § 46(c), (note 7 supra) which would permit Senior Circuit Judges to participate in certain specified en banc proceedings.[11]

Although it was introduced in the Eighty-Sixth Congress (1960),[12] the bill was not enacted (note 7 supra) until 1963 (Eighty-Eighth Congress),[13] subsequent to the *American-Foreign* decision. The legislative history is not too instructive. It does take note of the Supreme Court's *American-Foreign* decision, but the Supreme Court had earlier taken note of the proposed legislation. Consequently as a matter of chronology it is a mistake to assume that the Act was a mere response to, or to be read as a solution for, the unique situation of that precise case. The purpose of the bill, as stated in the legislative history, was "to permit [a Senior Circuit Judge] to sit on a rehearing in banc of a case

9. Its course in the Second Circuit was: American-Foreign S.S. Corp. v. United States, 2 Cir., 1957, 265 F.2d 136, rehearing en banc, 1958, 265 F.2d 144, on further rehearing, 1959, 265 F.2d 153.

10. United States v. American-Foreign S.S. Corp., supra, at 690 n. 7, 80 S.Ct. at 1339, 4 L.Ed.2d at 1496 n. 7.

11. The September 1959 Report of the Proceedings of the Judicial Conference of the United States 9–10 shows:

"(5) The status of retired circuit and district judges.—The Committees reported that various questions had arisen as to the status of retired circuit and district judges with respect to their participation in certain activities of their former courts when they are assigned to active duty therein. These include the participation of retired circuit and district judges in the appointment of officers of the court and in the promulgation of court rules and, in the case of retired circuit judges, membership on the judicial council of the circuit and of the court of appeals sitting in banc. It was the view of the Committees that under the statute only judges who are in "regular active service", that is, those who have not re-

tired under Section 371(b) or 372(a), Title 28, United States Code, are the judges in "active service" to which the statutes refer. However, the Committees thought it proper to permit a retired circuit judge to be a member of the court of appeals sitting in banc in the rehearing of a case in which he has sat, by assignment, in the panel of the court which heard the case originally. The Conference agreed and thereupon approved the following draft of a bill, presented by the Committees, clarifying the statute and incorporating the change suggested." [Here followed proposed bill in present form (note 7 supra)].

See also proceedings March, 1963 pp. 16–17:

"(d) H.R. 2835, 88th Congress, to clarify the status of circuit and district judges retired from regular active service. The bill embodies a proposal made by the Conference in September 1959 (Conf.Rept., p. 9.)."

12. H.B. 11567, 86th Cong., 2d Sess. (1960).

13. Pub.L. 88–176 § 1(b), 77 Stat. 331 (1963).

where he participated at the original hearing thereof." 1963 U.S.C. Cong. & Ad. News 1105, 1106. The report also states the Committee's conclusion that a Judge "who has sat on an issue in an *appellate hearing* on which a rehearing has been ordered should be a member of the court for rehearing purposes." (emphasis supplied.) Id. at 1106. Although the legislative history is certainly not conclusive on the issue presented here, we perceive no Congressional intent to limit severely the participation of retired Judges in en banc hearings by putting any such narrow interpretation on the term "hearing". As did the Committee report, we think Congress spoke in broad general language to include within "an appellate hearing" the submission to a panel for a judicial determination by it, whether or not culminating in a judgment (or opinion).

There are many considerations which dictate why the statute should be given a reading expansive enough to cover the situation present here in favor of allowing a Senior Circuit Judge to sit with the Court en banc. In the forefront is the benefit which the entire Court obtains from the prior work, research, study and deliberation done by a Senior Judge during his (and his two colleague's) initial consideration of the case.[14] Additionally, this fits neatly into the underlying basic structure of the Courts of Appeals. Their work is

ordinarily to be—and today it must be [15]—done by three-judge panels. The decision of the three-judge panel should therefore be magnified, not disparaged or diminished [16] as might be the case if, from a narrow construction of the statute (note 7 supra), litigants would know that the Senior Judge's vote counted but only tentatively—only so long as en banc was not ordered.

Perhaps the best reason for this expansive reading is the total absence of any reason for distinguishing between a case in which a decision has been announced and one in which en banc is ordered prior to any decision. To the contrary, there are positive reasons against such distinction. The en banc device is essentially court controlled and court initiated (see note 23 infra). Frequently it is the travail of constructing an opinion after the routine submission [17] of a case to a three-judge panel that the panel realizes for the first time either the extraordinary importance of the question, the likelihood of conflict with earlier decisions or the trend of those decisions or the pendency of like cases before different panels with divided views.

There are two main ways this can be handled. An opinion can be announced with an undisclosed likelihood that the case will be put en banc, or the case can be ordered en banc without decision.[18]

14. See also G. H. Miller & Co. v. United States, 7th Cir., 1958, 60 F.2d 286, 291, 293 (dissenting opinion) as to the former statute:
"It would be incredible that congress intended that an experienced and capable retired judge, who voluntarily accepts an assignment to hear a case in his own circuit and in the decision of which he has joined, should be excluded from the consideration of a petition for rehearing thereof, whether or not it is to be heard by the original panel of which he is a member or the court sitting *en banc.*"

15. See Shafroth, supra.

16. See Alexander, En Banc Hearings in the Federal Courts of Appeals: Accommodating Institutional Responsibilities, 40

N.Y.U.L.Rev. 563, 574–75. In this excellent article which traces the history of and theory behind en banc hearings, the author highlights the case load burden being disposed of by the Circuit Courts of Appeals, pointing up the need for more help from all available sources. For statistics on the help being given by Senior Circuit Judges, see note 6 supra.

17. Three of the six cases (note 1, supra), Allen v. Johnson, 391 F.2d 527, No. 23963, United States v. Cocke, and No. 23125, Steele v. Taft, are in this category.

18. In some Circuits with panel proposed opinions being circulated to all the Judges en bancs are most frequently ordered prior to decision. See Maris, Hearing and Rehearing Cases In Banc, 14 F.R.D.

Where the panel entertains such doubt or concern it would often be substantively bad for a decision to be announced for the very act of writing or concurring in the opinion is a judgment amounting to —at least in the eyes of litigants—a *pre*-judgment of the soon-to-be ordered en banc. To this substantive defect should be added the factors bearing on the Judges as persons. The determination of the panel (or its majority) to request a pre-decision en banc poll (see note 18 supra and note 23 infra) whether consciously or not, would perhaps be affected by the awareness that such determination is "voting a Judge off the case"—a result which, although bad, is one which can be avoided readily by announcing a decision and incurring all the defects of that route. Worse, many of those same factors would be at work on the non-panel active Judges in their vote on the poll, especially if the poll were requested by a panel majority of two active judges over the dissenting opposition of the Senior Judge. This opens up a whole array of influences which for nearly all cases in the last termination of whether the case is enbancworthy.

If—and there is no if—a Senior Judge when properly designated, 28 U.S.C.A.

§§ 294, 295, 296, 371(b), has the power to sit on and cast what may be the deciding vote in a three-judge panel decision which for nearly all cases is the last and final decision in the Federal hierarchy [19] and such designation ordinarily "runs with the case," [20] there is no discernible reason why such a Judge should lose that power to make judicial decisions in a case regularly before him from the circumstance of the case being put en banc.[21]

■ We think Congress used broad language to accomplish four things. First, the Court has to sit either in panels of three judges or all the judges. Any opportunity or possibility of the outcome being affected by a choice of more than three but less than all, whether fortuitous or purposeful, was thereby avoided. Second, en bancs can be ordered only by active judges. Third, ordinarily only active judges will constitute the Court. But fourth, where a Senior Judge has been assigned to and sits on a three-judge panel to which a case has been submitted for decision such judge is to be included in any subsequent en banc consideration of that case. This is the reading we give to "hearing" as

91, 93 (1953). In his analysis of en banc procedures, see note 16 supra, Mr. Alexander states that in the Second Circuit, one out of every two meetings en banc is a rehearing, one of four is a rehearing in the District of Columbia Circuit, and only one out of every nineteen in the Fourth Circuit is a rehearing. Alexander supra, at 598–99. Thus it may be seen that in most instances, a written decision by the three-judge panel prior to a meeting en banc is the exception rather than the rule.

19. See Atlantis Dev. Corp. v. United States, 5 Cir., 1967, 379 F.2d 818, 828; and Lincoln Nat'l Life Ins. Co. v. Roosth, 5 Cir., 1962, 306 F.2d 110 (en banc), cert. denied 372 U.S. 912, 83 S.Ct. 726, 9 L.Ed.2d 720.

20. 28 U.S.C.A. § 296, which sets forth the powers of Judges sitting by designation or assignment, recognizes the desirability of having a judge who has heard a case initially, but has since left the Court, join

in the final decision and disposition of all proceedings in the case. The pertinent parts are:

"A justice or judge shall discharge, during the period of his designation and assignment, all judicial duties for which he is designated and assigned. * * *

"A justice or judge who has sat by designation and assignment in another district or circuit may, notwithstanding his absence from such district or circuit or the expiration of the period of his designation and assignment, decide or join in the decision and final disposition of all matters submitted to him during such period and in the consideration and disposition of applications for rehearing or further proceedings in such matters."

21. Alexander, supra, at 600, suggests that the preferred course ordinarily is for rehearing en banc to be ordered prior to the panel announcing any decision.

it relates to hearing or rehearing en banc.[22]

This result assures the fullest use of Senior Judges in their role as adjudicators and rounds out a structure in which the Court of its active judges—not the parties nor even the Senior Judge or all of the Senior Judges—alone determines when a case will be heard or reheard en banc.[23]

---

22. We reject for this problem readings urged on us in which "hearing", held to cover the whole proceeding, normally contemplates a decision. See International Banding Mach. Co. v. Commissioner of Internal Revenue, 2nd Cir., 1930, 37 F. 2d 660; Chicago Ry. Equipment Co. v. Blair, 7 Cir., 1927, 20 F.2d 10.

23. Rule 25(a), Rules of the United States Court of Appeals for the Fifth Circuit, adopted February 19, 1967, is the same as the proposed Uniform Rule 35. See 43 F.R.D. 61, 101.