## MOODY ET AL. *v.* ALBEMARLE PAPER CO. ET AL.

No. 73–899.   Decided June 17, 1974

PER CURIAM.

Appeals from the judgments of the trial courts in two cases were heard and determined by two separate three-judge divisions of the Court of Appeals for the Fourth Circuit. Sitting by designation as members of each of the divisions were senior judges of the Fourth Circuit.[1]   Following decisions by both divisions, the unsuccessful parties petitioned for rehearings in banc pursuant to 28 U. S. C. § 46 (c):[2]

"Cases and controversies shall be heard and deter-

---

[1] The Court of Appeals for the Fourth Circuit is composed of seven judges in regular active service, 28 U. S. C. § 44, and two judges who have retired from that service but remain available for duties as designated and assigned, known as senior judges, 28 U. S. C. § 294 (b).   In *Moody* v. *Albemarle Paper Co.*, both of those senior judges were designated members of the three-judge division which originally decided that appeal, see 474 F. 2d 134; in *Williams* v. *Albemarle City Board of Education*, one of the senior judges was so designated, see 485 F. 2d 232; 28 U. S. C. § 294 (c).

[2] Federal Rule App. Proc. 35 provides in part:

"(a) *When Hearing or Rehearing in Banc Will Be Ordered.* A majority of the circuit judges who are in regular active service may order that an appeal or other proceeding be heard or reheard by the court of appeals in banc.   Such a hearing or rehearing is not favored and ordinarily will not be ordered except (1) when con-

mined by a court or division of not more than three judges, unless a hearing or rehearing before the court in banc is ordered by a majority of the circuit judges of the circuit *who are in regular active service.* A court in banc shall consist of all circuit judges in regular active service. A circuit judge of the circuit who has retired from regular active service shall also be competent to sit as a judge of the court in banc in the rehearing of a case or controversy if he sat in the court or division at the original hearing thereof." (Emphasis added.)

It had been the practice of the Fourth Circuit to count the votes of their senior judges who were members of the original hearing division when the court acted on the question whether to order a rehearing in banc. In those cases, however, the votes of the senior judges were not crucial. Certificate 3. Here, their votes are crucial. In *Moody,* while a "majority of the circuit judges of the circuit who are in regular active service" did not vote for a rehearing in banc, the two senior judges who sat on the division by designation did so vote; their votes, if counted, would make a majority for rehearing. In *Williams,* while a majority of Circuit Judges in regular active service did vote for a rehearing in banc, the senior judge who sat on the original division by designation

---

sideration by the full court is necessary to secure or maintain uniformity of its decisions, or (2) when the proceeding involves a question of exceptional importance.

"(b) *Suggestion of a Party for Hearing or Rehearing in Banc.* A party may suggest the appropriateness of a hearing or rehearing in banc. The clerk shall transmit any such suggestion to the judges of the court who are in regular active service but a vote will not be taken to determine whether the cause shall be heard or reheard in banc unless a judge in regular active service or a judge who was a member of the panel that rendered a decision sought to be reheard requests a vote on such a suggestion made by a party."

voted against rehearing; with his vote counted the rehearing would fail by an equal division of those voting.

Accordingly, all Circuit Judges of the Fourth Circuit in regular active service and both senior judges of the Circuit have, pursuant to 28 U. S. C. § 1254 (3), certified to us the question whether a senior judge of the circuit who was a member of the original division hearing a case may vote to determine whether the case should be reheard in banc. Because of the importance of the question to the administration of judicial business in the circuits, as well as to the parties in the two cases pending in the Fourth Circuit, we granted leave to and invited those parties to file briefs in response to the question certified. Upon consideration of the question and the briefs filed by the litigants on both sides of both pending cases, we conclude that the answer should be in the negative; senior circuit judges who are members of the originally assigned division hearing a case are not authorized by Congress to participate in the determination whether to rehear that case in banc.

The power of courts of appeals to hear or rehear cases in banc was first determined in *Textile Mills Corp.* v. *Commissioner*, 314 U. S. 326 (1941). In 1948, Congress provided legislative ratification of *Textile Mills* by enacting § 46 (c) of the Judicial Code, which then provided that hearings or rehearings before courts of appeals in banc were to be:

> "ordered by a majority of the circuit judges of the circuit *who are in active service.* A court in banc shall consist of all active circuit judges of the circuit." 28 U. S. C. § 46 (c) (1952 ed.). (Emphasis added.)

In the *Western Pacific Railroad Case,* 345 U. S. 247 (1953), the Court had occasion to construe the 1948 statute, and determined that it was a grant of

power to the courts of appeals to order hearings or rehearings in banc, not the creation of a right in litigants to compel such hearings or rehearings or even to compel the court to vote on the question of hearing or rehearing. The Court also addressed itself to the procedure governing the exercise of this power, holding that each court of appeals was "left free to devise its own administrative machinery to provide the means whereby a majority may order such a hearing." [3] *Id.*, at 250. This discretion has been subsequently confirmed. *Shenker* v. *Baltimore & Ohio R. Co.*, 374 U. S. 1, 5 (1963); *United States* v. *American-Foreign S. S. Corp.*, 363 U. S. 685, 688 (1960).

In one of these latter cases, *American-Foreign,* a question arose under the language of the 1948 statute whether, if rehearing in banc was voted, senior judges were eligible to participate in the decision of that case on the merits. The Court held that senior judges were not eligible to sit. Congress in 1963 then enacted the present version of § 46 (c), which provides that a senior judge who sat on the original division hearing a case is "competent *to sit* as a judge of the court in banc" in the merits rehearing of the case. (Emphasis added.)

---

[3] The machinery devised by the Ninth Circuit in that case was one which governed the initiation of the polling of the court to determine whether it should hear or rehear a case in banc. Although there was some uncertainty whether indeed the Ninth Circuit had provided such machinery, 345 U. S. 247, 263, its nature was to delegate to the three-judge division first hearing the case the power to initiate a poll of the court. *Id.*, at 259. Two of the judges who were members of the division in that case were district judges. *Id.*, at 263. This machinery was similar in kind to that now set forth in Fed. Rule App. Proc. 35 (b), *supra,* n. 2, by which a vote to hear or rehear a case in banc will not be taken unless such a vote is requested by a judge in regular active service, or a judge who was a member of the division that rendered a decision sought to be reheard.

But the language of the statute concerning how the court *orders* a rehearing in banc was not changed, except to reinforce the limitation on the grant of power by adding "regular" before "active service," sharpening the definition of which judges may participate in ordering a hearing or rehearing in banc.

The language of the present statute thus confines the power to order a rehearing in banc to those circuit judges who are in "regular active service." Although, as the Court has held, those judges are largely free to devise whatever procedures they choose to initiate the process of decision to order such a rehearing, and to decide who may participate in those preliminary procedures, see n. 3, *supra*, neither the Court nor Congress has suggested that any other than a regular active service judge is eligible to participate in the making of the decision whether to hear or rehear a case in banc. Obviously such a decision can be reached only by voting. As revealed by the decisional and statutory evolution of the institution of the in banc court, the eligibility of senior judges for participation therein has been the exception, not the rule. We are not at liberty to engraft upon the statute a meaning inconsistent with its historical limitations.

Indeed, the very purpose of the in banc court supports our conclusion that senior judges have not been authorized by implication to participate in ordering a hearing or rehearing in banc. As the Federal Rule indicates, *supra*, n. 2, the in banc court is normally reserved for questions of exceptional importance, or to secure or maintain uniformity of decision within the circuit. In the wise use of this exceptional power to " 'determine the major doctrinal trends of the future' " for a particular circuit, *American-Foreign*, 363 U. S., at 690, Congress appears to have contemplated the need for an intimate and current working knowledge of, among other

things, the decisions of the circuit, its pending cases, and the magnitude and nature of its future workload. Senior judges provide a judicial resource of extraordinary value by their willingness to undertake important assignments "without economic incentive of any kind." *Id.*, at 688 n. 4. Consistent therewith, Congress has provided that when a senior judge has participated in the original division hearing, such senior judge may later sit on an in banc court rehearing that case; this was the purpose of the 1963 amendment to the Judicial Code. But voting *on the merits* of an in banc case is quite different from voting *whether to rehear* a case in banc, which is essentially a policy decision of judicial administration. Congress vested this latter authority and responsibility exclusively in "circuit judges of the circuit who are in regular active service," 28 U. S. C. § 46 (c); because of their different nature, we cannot assume the grant of authority to do one includes authority to do the other.

The question certified to us is therefore answered in the negative.[4]

MR. JUSTICE POWELL took no part in the consideration or decision of this case.

---

[4] The only other courts of appeals which have discussed the issue have ruled similarly. *Zahn* v. *International Paper Co.*, 469 F. 2d 1033, 1040–1042 (CA2 1972) (statements and dissent upon denial of rehearing in banc); *Allen* v. *Johnson*, 391 F. 2d 527, 532 (CA5 1968) (in banc).