**James Ernest HITCHCOCK, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Secretary, Florida Department of Corrections, Respondent-Appellee.**

No. 83–3578.

United States Court of Appeals, Eleventh Circuit.

Nov. 19, 1985.

Richard B. Greene, Richard H. Burr, Craig Barnard, West Palm Beach, Fla., for petitioner-appellant.

Richard Prospect, Asst. Atty. Gen., Daytona Beach, Fla., for respondent-appellee.

ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

Before GODBOLD, Chief Judge, RONEY, TJOFLAT, HILL, FAY, VANCE,

KRAVITCH, JOHNSON, HENDERSON, ANDERSON and CLARK, Circuit Judges, and MORGAN, Senior Circuit Judge.*

PER CURIAM:

This case was heard *en banc*. *Hitchcock v. Wainwright*, 770 F.2d 1514 (11th Cir. 1985).

A petition for rehearing has been filed seeking rehearing of that decision. When the *en banc* court has decided a case, and rehearing of that decision is sought, the petition will be treated as a F.R.A.P. Rule 40 Petition for Rehearing, addressed to all judges who sat on the *en banc* court. The standards for granting rehearing under Rule 40 will be applied in consideration of the petition.

Once the case is taken *en banc*, the petition for rehearing need not meet the standards required for the granting of rehearing *en banc* under F.R.A.P. Rule 35. A senior judge who sat with the *en banc* court on the decision of the case, pursuant to 28 U.S.C.A. § 46(c), shall participate in the consideration of such petition.

The petition for rehearing in this case is DENIED.

GODBOLD, Chief Judge, RONEY, TJOFLAT, HILL, FAY, VANCE, HENDERSON, ANDERSON and CLARK, Circuit Judges, and MORGAN, Senior Circuit Judge concur in this opinion.

JOHNSON, Circuit Judge, dissenting, in which KRAVITCH, Circuit Judge joins:

Petitioner has asked for a rehearing *en banc* of the decision of the *en banc* court. The majority holds that this petition for rehearing will be treated as a F.R.A.P. Rule 40 Petition for Rehearing. In consequence, the petition does not have to meet the standards required for the granting of rehearing *en banc* under F.R.A.P. Rule 35, and consideration of the petition is not limited to judges in regular active service. This action allows a senior circuit judge,

who participated in the *en banc* decision, to also participate in the consideration of the petition for rehearing *en banc*.

F.R.A.P. Rule 40, which specifies the procedures to be followed in petitioning for rehearing, says that the petition "shall state with particularity the points of law or fact which in the opinion of the petitioner the court has overlooked or misapprehended...." The focus of the petition for rehearing is thus to enable the court to correct its mistakes. The petition is addressed to the three-judge panel which has decided the case. This Circuit does not limit consideration of such petitions to judges in regular active service.

In contrast, F.R.A.P. Rule 35 states that rehearings of the court of appeals *en banc* are "not favored and ordinarily will not be ordered except (1) when consideration by the full court is necessary to secure or maintain uniformity of its decisions, or (2) when the proceeding involves a question of exceptional importance." Participation in the decision of whether to rehear a case *en banc* is limited to those "circuit judges who are in regular active service." F.R.A.P. Rule 35.

The Supreme Court has held that, although a senior circuit judge who participated in the original panel that decided a case can participate in the *en banc* rehearing of that case, no senior circuit judge can participate in any decision of whether or not to grant an *en banc* rehearing of a case. *Moody v. Albemarle Paper Co.*, 417 U.S. 622, 94 S.Ct. 2513, 41 L.Ed.2d 358 (1974). The basis of the Court's decision was that Congress has explicitly vested the power to decide whether to rehear a case *en banc* in the "circuit judges of the circuit who are in regular active service." *Id.* at 627, 94 S.Ct. at 2516. The Court held that Congress appeared to have contemplated that the decision to rehear a case *en banc* "is essentially a policy decision of judicial administration" that requires the "intimate and current working knowledge" of the

---

* Circuit Judge Joseph W. Hatchett, having recused himself, did not participate in this decision. Senior Circuit Judge Lewis R. Morgan elected to participate in this decision, pursuant to 28 U.S.C.A. § 46(c).

circuit possessed by judges in regular active service. *Id.* at 626–27, 94 S.Ct. at 2516.

The rationale for enabling senior circuit judges to participate in the decision of whether to grant a rehearing *en banc* in a case just decided by the *en banc* court is that such a rehearing would be simply to correct mistakes; the policy decision to rehear the case *en banc* would already have been made. Whether or not this rationale is sound, it conflicts with Congress' express prohibition on senior circuit judges participating in the decision to rehear a case *en banc*. *Id.* at 626–27, 94 S.Ct. at 2516–17; F.R.A.P. Rule 35. By its plain language, this prohibition covers the decision of whether to hear "an appeal or other proceeding" before the *en banc* court. F.R.A.P. Rule 35. Since an *en banc* decision falls within the meaning of "an appeal or other proceeding," the decision of whether to rehear an *en banc* decision before the *en banc* court has been expressly limited to judges in regular active service.

I respectfully dissent.