**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Thomas L. HUDSPETH, Defendant–**
**Appellant.**

No. 93–1352.

United States Court of Appeals,
Seventh Circuit.

Argued En Banc June 10, 1994.

Decided Oct. 28, 1994.*

Published Nov. 10, 1994.

Byron G. Cudmore, Asst. U.S. Atty., Rodger Heaton (argued), Office of the U.S. Atty., Springfield, IL, for plaintiff-appellee.

Samuel J. Cahnman (argued), Springfield, IL, for defendant-appellant.

---

* The opinion was originally released in typescript.

Before POSNER, Chief Judge, and FAIRCHILD, CUMMINGS, BAUER, COFFEY, FLAUM, EASTERBROOK, RIPPLE, MANION, KANNE, and ROVNER, Circuit Judges.

POSNER, Chief Judge.

As footnote \* \* \* in the majority opinion dealing with the merits of this case, issued today, discloses, Judge Cudahy, who was an active judge when the case was heard en banc but had not been a member of the three-judge panel that had heard the case originally, and who took senior status (pursuant to 28 U.S.C. § 371(b)) after the en banc hearing, believes that the statute governing the composition of en banc courts in federal courts of appeals precludes his participation in the decision of the case. Because the view of another circuit is contrary and the issue may recur, we have decided that it should be addressed by the court, and the en banc court for the case on the merits seems as appropriate a body as any to be the decision-making body for the issue. A further reason for the opinion is that another senior judge of the court, Judge Fairchild, although he was a member of the original three-judge panel, did not participate in the panel decision, because there was none; rehearing en banc was granted before the panel decision in accordance with 7th Cir.R. 40(f). His right to participate in the en banc decision also presents a question of statutory interpretation.

*United States v. American–Foreign S.S. Corp.*, 363 U.S. 685, 80 S.Ct. 1336, 4 L.Ed.2d 1491 (1960), held that a circuit judge who had taken senior status between the original panel decision (in which he had participated) and the en banc hearing could not participate in the en banc proceeding. The statute at the time defined the en banc court as consisting of "all active circuit judges." Congress amended the statute in 1963, and it now provides that the en banc court "shall consist of all circuit judges in regular active service ... except that any senior circuit judge of the circuit shall be eligible to participate ... as a member of an in banc court reviewing a decision of a panel of which such judge was a member." 28 U.S.C. § 46(c). The exception not being applicable, it is arguable that the literal interpretation of "all active circuit

judges" (or equivalently, "all circuit judges in regular active service") adopted in the *American–Foreign* case should govern. Against this position, however, can be cited *United States v. Cocke*, 399 F.2d 433, 435 n.\* (5th Cir.1968) (en banc), which held that it is proper for a judge who took senior status between the argument and the decision to participate in the decision.

*Cocke* offers no reasoning for this result, but merely a citation to the statute and to *Allen v. Johnson*, 391 F.2d 527 (5th Cir.1968) (en banc). That case held that when the senior judge had sat on the three-judge panel but the panel had not rendered a decision, he nevertheless was entitled to participate in the en banc stage of the same case. We believe that this nonliteral interpretation of "reviewing a decision of a panel" is sound, at least in a case such as the present where the panel decision was all set to be released when the grant of rehearing en banc intercepted it, and therefore that Judge Fairchild is entitled to participate in the en banc decision. Even strict constructionists reject literal interpretation when the result would be senseless. *Central States, Southeast & Southwest Areas Pension Fund v. Lady Baltimore Foods, Inc.*, 960 F.2d 1339, 1345 (7th Cir.1992). See *Burns v. United States*, 501 U.S. 129, 135–37, 111 S.Ct. 2182, 2186–87, 115 L.Ed.2d 123 (1991); *Green v. Bock Laundry Machine Co.*, 490 U.S. 504, 509, 109 S.Ct. 1981, 1984, 104 L.Ed.2d 557 (1989) (concurring opinion). The panel decision, when circulated to the full court in accordance with Rule 40(f), had been completed, had been voted on, and was ready for issuance when rehearing en banc was granted. There is no rational difference, so far as participation by a senior judge is concerned, between that case and one in which rehearing en banc is granted after the panel decision is issued. In both cases the panel has finalized its decision, although in only one has the decision been issued. The nonfinalized decision is "decision" enough to come within the terms of the statute, sensibly interpreted.

The question of participation by a judge who was not a member of the original panel is more difficult. Since *Cocke* several judges, including Fifth Circuit judges, have, like Judge Cudahy in our case, declined to participate in the en banc decision when they took

senior status after argument, citing *American-Foreign.* See, e.g., *Latin American Citizens Council # 4434 v. Clements,* 914 F.2d 620, 622 n. * (5th Cir.1990) (en banc) (statement of Judge Reavley); *United States v. Anderson,* 885 F.2d 1248, 1249 n. * (5th Cir.1989) (en banc) (statement of Judge Rubin). In at least two of our own cases before today, *Silets v. U.S. Dept. of Justice,* 945 F.2d 227 (7th Cir.1991), and *United States v. Hynes,* 20 F.3d 1437 (7th Cir.1994) (en banc), a senior judge of our court participated in an en banc decision in circumstances identical to those of the senior judge in *Allen,* but no issue was raised in either case and the matter is not discussed in either opinion. The present case, however, is an *Allen* case only with respect to Judge Fairchild, a member of the original panel, as the senior judges in *Silets* and *Hynes* had been.

. *Allen* contains a full discussion of the legislative history, and concludes from it that the purpose of making the exception for a senior judge who had been on the three-judge panel was that the time the judge had put in on the case should not go to waste. That rationale argues for allowing a senior judge who before he became senior heard the en banc argument to participate in the en banc decision, which he had been fully entitled as a then active judge to hear and to vote at the conference of judges after the argument. Cf. *Moody v. Albemarle Paper Co.,* 417 U.S. 622, 627, 94 S.Ct. 2513, 2516, 41 L.Ed.2d 358 (1974) (per curiam). Whether the rationale is sufficiently compelling to override the statutory language is a matter of judgment. Our view is that it is not. The statute is crystal clear in confining en banc participation by senior judges to participants in the panel decision, and judges should be reluctant to exempt themselves from plain statutory commands. We note that the Supreme Court in the *Moody* case declined to give the statute a liberal reading that would have allowed a circuit to permit its senior judges to vote, in cases in which they had participated in the panel decision, on whether to grant rehearing en banc.

There is, no doubt, a close analogy between the issue in this case and the issue addressed in 28 U.S.C. § 296, which autho-

rizes a judge who has been designated to sit in a particular court for a specified period but whose period of designation has expired to decide matters submitted to him during the period but not yet resolved. There is an even closer analogy, of course, to the *Allen-Silets* issue, concerning the right of a senior judge in the position of Judge Fairchild in this case to participate in the en banc decision when the panel he was on made but did not issue a decision. But we cannot use an analogy to rewrite section 46(c), which lacks any linguistic handle for allowing a senior judge who was not a member of the original three-judge panel to participate in the en banc decision.

Nevertheless, we cannot think of any rationale, consistent with Congress's decision to permit senior judges who have sat on the three-judge panel to participate in the decision of the case en banc, for the disqualification of a judge who has taken senior status between the argument and decision of a case en banc. We believe that the omission of Congress to provide for this case was probably an oversight, and that corrective legislation would be warranted. Because the legislation would be of a purely technical nature, disentangled from any issues of policy, we feel justified in forwarding this recommendation to the appropriate committees of Congress for their consideration.