# United States Court of Appeals
## For the First Circuit

---

No. 04-2186

GREGORIO IGARTÚA de la ROSA, et al.,

Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA,

Defendant-Appellant.

---

Before

Boudin, <u>Chief Judge</u>,

Torruella, Selya, Lynch, Howard and Lipez, <u>Circuit Judges</u>.

---

Dated:  May 12, 2005

<u>MEMORANDUM AND ORDER</u>

**Per Curiam**.  Following a panel decision in this case, <u>Igartua-De La Rosa</u> v. <u>United States</u>, 386 F.3d 313 (1st Cir. 2004), a petition for rehearing was filed seeking panel rehearing or rehearing en banc.  The panel thereafter granted rehearing and asked the parties to address two issues:  first, the plaintiffs' claim that the United States was in default of its treaty

-1-

obligations and, second, the availability of declaratory judgment concerning the government's compliance with any such obligations. The rehearing order vacated the original panel decision. <u>Igartua-De La Rosa</u> v. <u>United States</u>, 2005 WL 857110 (1st Cir. Mar. 14, 2005).

Given the importance of the issues, a majority of the active judges then voted that the rehearing should be en banc. The original panel comprised two active judges and one senior judge, all of whom participated in the panel decision which is now being reconsidered. Under the governing statute, a court that rehears a case en banc is comprised of all active judges, except that any senior judge of the circuit may participate in an en banc court "reviewing a decision of a panel of which such judge was a member." 28 U.S.C. § 46(c) (2000).

The question has been raised whether the senior circuit judge who participated in the panel decision is eligible to sit on the en banc court in this case. A vote and a formal order have been requested on this issue. Accordingly, the active judges have determined, by a five to one vote, that the senior circuit judge is entitled to sit on the rehearing en banc.

For some years, it has been the practice of this court, when granting rehearing en banc, to vacate the panel decision in the same order. <u>See e.g,</u> <u>United States</u> v. <u>Councilman</u>, 385 F.3d 793, 793 (1st Cir. 2004); <u>Savard</u> v. <u>Rhode Island</u>, 338 F.3d 23, 25

-2-

(1st Cir. 2003) (en banc); <u>Irons</u> v. <u>F.B.I.</u>, 880 F.2d 1446, 1447 (1st Cir. 1989) (en banc). A reason for this practice is that a grant of rehearing en banc almost invariably results in a new decision, whether the outcome differs from or duplicates the result reached by the panel. No such order was issued in this case by the en banc court because the panel decision had already been withdrawn when panel rehearing was granted.

Given this past practice, it could be argued in most cases where this court has previously reheard cases en banc, that-- in a mechanical sense--the en banc court is "reviewing" not the panel decision but the judgment of the district court. But this reading would ignore the thrust and purpose of the statute, the substance of what is happening when rehearing en banc is granted, and long established practice in this court. Each point deserves brief elaboration.

First, the thrust and purpose of the statute is to assure that where the senior circuit judge has participated in the panel decision, a rehearing of the case en banc will include the senior circuit judge as a member of the en banc court if he chooses to participate. <u>See</u> S. Rep. No. 97-275, at 27 (1981). This gives the en banc court the benefit of the knowledge and judgment of all of the judges of this circuit who sat on the panel that rendered the initial decision. That rationale directly supports the

participation of the senior circuit judge in the en banc proceeding in this case.

Second, an en banc decision, following a panel decision, is in substance reviewing the work of the panel regardless of whether the panel opinion has or has not been formally withdrawn at the time of the rehearing.  See, e.g., JOM, Inc. v. Adell Plastics, Inc., 193 F.3d 47, 49 (1st Cir. 1999) (en banc) (reinstating portion of vacated panel opinion).  The issue on rehearing en banc virtually always turns on something the panel decided or failed to decide.  Whether the panel decision is withdrawn at the beginning or end of the en banc process, the en banc court's action is in its essence one that either reaffirms or alters what the panel has decided.

Third, the unvarying practice of this court for many years has been to include on the en banc panel any senior circuit judge of this circuit who sat on the original panel and chooses to participate.  This practice is not affected by the fact that the panel in this case withdrew its decision while the en banc petition was pending; given our past practice, a withdrawal of the panel decision by the en banc court itself has never prevented a senior circuit judge who sat on the panel from sitting on the en banc court.

Fourth, what little precedent exists on the interpretation of the statute directly supports the participation

of the senior circuit judge in this case.  The leading opinion, United States v. Hudspeth, 42 F.3d 1013 (7th Cir. 1994) (Posner, C.J.), articulates the rationale set forth above; pertinently, that case upheld the inclusion on the en banc court of a senior circuit judge who had participated on the panel, even though the panel had not issued a decision prior to the grant of an en banc hearing. That rationale applies a fortiori to our own case in which the panel did issue a decision.

Accordingly, the senior circuit judge who participated in the panel decision in this case is entitled to sit on the en banc court.

It is so ordered.

**Dissent follows.**

**TORRUELLA**, <u>Circuit Judge</u> **(Dissenting).** The convening of this en banc court is unfortunate, for it conducts its deliberations under the pall of two weighty errors, one of judgment and the other of law.

On October 14, 2004, a duly constituted panel of this court promulgated its opinion rejecting petitioners' claims, and issuing a judgment to said effect. Thereafter, they petitioned for rehearing by the panel, and in the alternative, for en banc consideration. After due deliberations, on March 14, 2005 the panel that heard the appeal unanimously voted to rehear the case, and consistent therewith, contemporaneously withdrew the panel opinion and judgment. Thus, the pending en banc request was mooted. The panel additionally ordered the United States and petitioners to file briefs on specific issues, set a date for oral argument, and invited intervention by amicus curiae. Both the United States and petitioners filed their briefs by April 14, 2005, and several amici intervened and filed briefs by April 22, 2005.

Thereafter, on April 25, 2005, <u>motu propio</u>, a majority of the active judges of the court, in an action which is unprecedented in my judicial experience, quashed the duly constituted three-judge panel, and decided that the matter should be considered by an expanded seven-judge en banc court. Although I do not question the legal authority of the majority of this court to so act, I believe that given the juncture of this appeal when it took this anomalous

course, its decision demonstrates poor judgment and shortsightedness, particularly when this error was compounded by the inclusion of a senior judge who does not meet the requirements of 28 U.S.C. § 46(c)(1) as a member of the en banc court. The traditional practice referred to in the majority's opinion is totally inapposite to the procedural circumstances of the instant case, and, in any event, circuit tradition cannot eliminate our obligation to comply with statutory law.

It is clear that the decision of the rehearing panel to withdraw its decision and judgment preceded the en banc order. Thus, the senior judge in question does not qualify to sit on the en banc court, as the unambiguous language of the statute allows participation of a senior judge in an en banc proceeding only when it is "reviewing a decision of a panel of which such judge was a member." Id. After the panel withdrew its opinion and judgment, it had before it for review only the district court opinion from which the appeal had been taken. Had the matter been allowed to run its course without interference by the en banc order, it is the appeal from the district court opinion that the rehearing panel would have passed upon. Thus, it is that opinion now before the en banc court, not "a decision of a panel of which [the senior judge] was a member." Id.

To my knowledge, no circuit has held otherwise. While the Seventh Circuit has interpreted Section 46(c) to permit a

senior judge who sat on a panel to participate in en banc review granted before the original panel decision ever issued, the procedural setting of that case is distinct from the one currently before us. See United States v. Hudspeth, 42 F.3d 1013 (7th Cir. 1994). In Hudspeth, the Seventh Circuit limited its broad interpretation of "reviewing a decision of a panel" to the case before it in which the panel had prepared and agreed on a decision, which "was all set to be released when the grant of rehearing en banc intercepted it." Id. at 1014. In such a case, the court could see "no rational difference, so far as participation by a senior judge is concerned, between that case and one in which rehearing en banc is granted after the panel decision is issued. In both cases, the panel has finalized its decision, although in only one has the decision been issued." Id. In the instant case, however, the panel has clearly not finalized its decision, as it chose to withdraw it, vacate the corresponding judgment, and schedule oral arguments in order to aid its reconsideration of the merits.

A narrower interpretation of Section 46(c) is required by the instant circumstances, and supported by the legislative history. That section was originally amended in 1963 to provide that a senior judge "shall also be competent to sit as a judge of the court in banc in the rehearing of a case or controversy if he sat . . . at the original hearing thereof." See S. Rep. 97-275,

-8-

97th Cong., 1st Sess., 1982 U.S.C.C.A.N. 11, at 37 (emphasis added). In <u>Allen</u> v. <u>Johnson</u>, 391 F.2d 527 (5th Cir. 1969), the Fifth Circuit correctly interpreted this language to permit the participation in en banc of a senior judge who had participated in the panel hearing, even though no panel decision had yet been issued. The statutory language, however, was removed in 1978 due to administrative concerns, only to be replaced in 1982 in order to "permit a senior judge sitting on an original hearing panel to participate in en banc review of <u>that panel's decision</u>." <u>Id.</u> (emphasis added). Although the Senate Report acknowledged the potential value of a senior judge's contributions, it chose not to replace the language requiring the senior judge to have participated in the "panel hearing," but instead required the judge's participation in the "panel decision."

In my view, we must draw the same distinction here. While a senior judge participated in the panel hearing of this case, panel rehearing had been granted and there is currently no panel decision available for the en banc court to review. I therefore vote against the senior judge's participation in en banc review of the decision below.

By the Court:

_____/s/_____
Richard Cushing Donovan, Clerk

[cc: Mr. Igartua de la Rosa, Mr. Katsas, Ms. Munoz-Acosta, Mr. Voltaire, Mr. Collette, & Mr. Singer.]