517 F.2d 918
 Dorothy BOYD, Individually and on behalf of all others
similarly situated, Plaintiff-Appellee,
Inez Stoney, Intervenor-Plaintiff-Appellee,
v.
The LEFRAK ORGANIZATION and Life Realty Inc., Defendants-Appellants.
 No. 201, Docket 74-1660.
 United States Court of Appeals,
Second Circuit.
 April 17, 1975.
 
 IRVING R. KAUFMAN, Chief Judge.
 
 
 1
 A petition for rehearing containing a suggestion that the action be reheard en banc having been filed herein by counsel for the Plaintiff-Appellees, a poll of the judges in regular active service having been taken at the request of such a judge, and Chief Judge Kaufman and Circuit Judges Feinberg, Mansfield and Oakes having voted to grant the petition, and Circuit Judges Mulligan, Timbers and Van Graafeiland having voted to deny the petition, and opinions having been filed by Chief Judge Kaufman and Circuit Judge Oakes, and Circuit Judge Gurfein being disqualified,
 
 
 2
 It is therefore,
 
 
 3
 Ordered that rehearing before the court en banc is denied for want of an affirmative vote "by a majority of the circuit judges of the circuit who are in regular active service."
 
 
 4
 IRVING R. KAUFMAN, Chief Judge (dissenting) (with whom Circuit Judge MANSFIELD concurs):
 
 
 5
 I agree with Judge Oakes's conclusion that the applicability of Griggs v. Duke Power Co., 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971), to cases involving alleged violations of the Fair Housing Act is a question of exceptional importance, and accordingly dissent from the denial of rehearing en banc. F.R.A.P. 35(a)(2).
 
 
 6
 OAKES, Circuit Judge (dissenting) (with whom Circuit Judges FEINBERG and MANSFIELD concur):
 
 
 7
 I dissent from the denial of rehearing en banc.
 
 
 8
 This is another case, like Zahn v. International Paper Co., 469 F.2d 1033, 1040-42 (2d Cir. 1972) (rehearing denied), aff'd, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), where a majority of the active judges qualified to vote favor a rehearing en banc, but because a majority of the active judges authorized by law to sit on the court cannot be mustered the petition for rehearing fails.
 
 
 9
 The underlying issue is whether Griggs v. Duke Power Co., 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971), and its principle invalidating racial discrimination that exists in operation or fact, regardless of a showing of motivation or intent, is applicable to the Fair Housing Act, also known as the Civil Rights Act of 1968, 42 U.S.C. § 3601 et seq. The importance of that issue to literally millions of people cannot be overestimated. Thus, one test for rehearing en banc is met.
 
 
 10
 At least one other decision in this circuit, as Judge Mansfield's initial dissent pointed out, 509 F.2d 1110 at 1115, is in direct conflict with the panel majority's holding that "we will not impose an affirmative duty on the private landlord to accept low income tenants absent evidence that his motivation is racial rather than economic in origin." (Emphasis added.) Supra, at 1113. I refer to Olzman v. Lake Hills Swim Club, Inc., 495 F.2d 1333, 1340-41 (2d Cir. 1974) (even though Olzman like Griggs refers to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.). Cf., e. g., Chance v. Board of Examiners, 458 F.2d 1167 (2d Cir. 1972). Where the landlord's formula or test for tenant security requirements has the effect of excluding a disproportionately high percentage of a minority group, as here, he should have the burden of demonstrating the business necessity of his facially neutral rule. Clark v. Universal Builders, Inc., 501 F.2d 324 (7th Cir. 1974), cert. denied, 419 U.S. 1070, 95 S.Ct. 657, 42 L.Ed.2d 666 (Dec. 17, 1974). I should suppose that Congress, by virtue of the Fair Housing Act, had indicated that it felt shelter should be treated like employment, as a fundamental right in American society not to be deprived on racial grounds.
 
 
 11
 In addition the panel majority's reliance upon James v. Valtierra, 402 U.S. 137, 91 S.Ct. 1331, 28 L.Ed.2d 678 (1971), seems entirely misplaced. Valtierra dealt, as Judge Mansfield pointed out, supra, at 1116, with the validity of a state law (adopted not incidentally by referendum) under the Equal Protection Clause of the Fourteenth Amendment. Here we are talking about a federal civil rights statute, designed to effectuate the equal protection in housing that Valtierra can be read as saying is not constitutionally required. Valtierra may stand for more than the Seventh Circuit and I think it does. Gautreaux v. City of Chicago, 480 F.2d 210, 215 (7th Cir. 1973), cert. denied, 414 U.S. 1144, 94 S.Ct. 895, 896, 39 L.Ed.2d 98 (1974); Citizens Committee for Faraday Wood v. Lindsay, 507 F.2d 1065, 1077 n. 15 (2d Cir. 1974) (dissenting opinion). But it surely cannot be used to interpret the 1968 Civil Rights Act.