**NEW ORLEANS PUBLIC SERVICE, INC., Plaintiff,**

**Ernest Morial, et al., Movants-Appellants,**

v.

**UNITED GAS PIPE LINE COMPANY, Defendant-Appellee.**

No. 82–3194.

United States Court of Appeals, Fifth Circuit.

Dec. 27, 1982.

Opinion on Granting of Rehearing En Banc Feb. 23, 1983.

McGlinchey, Stafford & Mintz, Donald R. Mintz, Constance Charles Willems, New Orleans, La., for movants-appellants.

Lemle, Kelleher, Kohlmeyer & Matthews, C. Murphy Moss, Jr., Robert G. McIver, Victoria L. Knight, New Orleans, La., James M. Costan, Kevin W. McLean, Douglas Knox Bemis, Jr., W. DeVier Pierson, Washington, D.C., for defendant-appellee.

## ON PETITIONS FOR REHEARING AND SUGGESTIONS FOR REHEARING EN BANC

Before GOLDBERG, WILLIAMS and GARWOOD, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

No member of this panel and no Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16), the suggestions for rehearing en banc are DENIED.

The petition of defendant-appellee United Gas Pipe Line Company for rehearing is GRANTED for the limited purpose set out below.

The petition for rehearing brings to our attention the fact that by vote of the citizens of the City of New Orleans, the New Orleans City Council ceased to have the power to regulate the rates of public utilities within the City of New Orleans as of January 1, 1982. We, therefore, withdraw our holding that the "public officials and agencies have a right to intervene under F.R.Civ.P. 24(a)" as stated in the Conclusion of our original opinion, *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.,* 690 F.2d 1203, at 1215 (5th Cir.1982). We also withdraw that portion of the opinion designated II A, which considers intervention as a matter of right by the public officials.

We emphasize that we do not withdraw our holding that it was an abuse of discretion for the district court to deny the motion of the members of the City Council to intervene permissively under Rule 24(b).

That portion of our opinion, designated II B, stands unchanged except for incidental references to the rate making power of the New Orleans City Council. We reaffirm the holding that the members of the City Council are proper parties to this proceeding by virtue of their motion for permissive intervention.

Treating suggestions for rehearing en banc as motions for rehearing by the panel, they are DENIED except as stated above.

GARWOOD, Circuit Judge, dissenting:

I respectfully dissent from so much of the majority opinion on rehearing as holds that it was an abuse of discretion to deny the city officials' requested permissive intervention under Rule 24(b). As relief is sought only under the private contract between NOPSI and United, and the contract creates no rights in third parties, the city has no rights to enforce against United in this suit. And since the Louisiana Public Service Commission (which does not seek to intervene), and not the city, has all the rate and other relevant regulatory authority over NOPSI, as we have now been made aware, intervention by the city will not significantly promote dispute resolution economy or prevent the possibility of inconsistent results. Accordingly, in my opinion denial of permissive intervention by the city officials was not an abuse of discretion.

## ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

Before CLARK, Chief Judge, BROWN, GOLDBERG, GEE, REBIN, REAVLEY, POLITZ, RANDALL, TATE, JOHNSON, WILLIAMS, GARWOOD, JOLLY and HIGGINBOTHAM, Circuit Judges.

BY THE COURT:

A member of the Court in active service having requested a poll on the application for rehearing en banc and a majority of the judges in active service having voted in favor of granting a rehearing en banc,

IT IS ORDERED that the cause shall be reheard by the Court en banc with oral argument on a date hereafter to be fixed. The Clerk will specify a briefing schedule for the filing of supplemental briefs.