**Frank J. HALL, et al., Petitioners,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

No. 81–4011.

United States Court of Appeals,
Fifth Circuit.

March 14, 1983.

James Fleet Howell, Shreveport, La., for petitioners.

Joshua Z. Rokach, Atty., F.E.R.C., Washington, D.C., for respondent.

Goldberg, Fieldman & Letham P.C., Glenn W. Letham, Washington, D.C., Blanchard, Walker, O'Quin & Roberts, Robert Roberts, Jr., W. Michael Adams, Shreveport, La., for intervenor Arkansas Louisiana Gas Co.

ON PETITION FOR REHEARING AND SUGGESTIONS FOR REHEARING EN BANC

(Opinion November 26, 5 Cir., 1982, 691 F.2d 1184)

Before CLARK, Chief Judge, GARZA and JOHNSON, Circuit Judges.

PER CURIAM:

The Petition for Rehearing is DENIED, and no member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16), the Suggestions for Rehearing En Banc are DENIED.

CLARK, Chief Judge, dissenting:

For the reasons stated in my dissent to the panel opinion, I dissent from the denial of panel rehearing.

To avoid an improper implication of agreement from the failure of any member of the panel or judge in regular active service on the court to request that the court be polled on rehearing en banc, I must note that only four members of this now thirteen active judge court could initiate or participate in such a poll. Since no senior judge is a member of the panel, none is eligible to participate in the en banc process. In any event, they would not have a vote in the en banc polling process. 28 U.S.C. § 46(c).

Nine judges in regular active service have disqualified themselves in this case. There are sound reasons for this situation. Rulings of regulatory agencies often have a pronounced ripple effect. This causes 28 U.S.C. § 455(b)(4) and Canon 3(C)(1) of the Code of Judicial Conduct for United States Judges to erect very broad barriers to a judge's participation in appeals from the Federal Energy Regulatory Commission.[1]

1. 28 U.S.C. § 455. Disqualification of Justice, Judge, Magistrate or Referee in Bankruptcy.
   (a) Any justice, judge, magistrate, or referee in bankruptcy of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
   (b) He shall also disqualify himself in the following circumstances:

. . . .
(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy . . .;
. . . .

This is intensified by the only opinion of the Advisory Committee on Codes of Conduct specifically relevant to appeals from this agency.[2]

The inclusion of such appeals in the general mix of cases assigned to randomly selected panels of this court created an abnormal number of disqualifications and resulted in numerous docketing problems. In response, the court administratively created a special panel of judges whose property ownership would not regularly cause disqualification in Federal Power Commission and Federal Energy Regulatory Commission cases.[3]

This "Gas Panel" solution worked acceptably until the number of judges who were not disqualified dwindled to three. At least one judge thinks the court's consensus interpretation for participation standards in this class of cases is uniquely too narrow.[4] Even though it has recently risen to four, that number seems to me to constitute an entirely unacceptable judicial base to permit this court to continue to review significant challenges to the broad-ranging and financially impactive affairs involved in many of these appeals. Litigants are entitled to the full statutory right of review, including hearing or rehearing en banc.

I hasten to acknowledge that to date no litigant has ventured a challenge to this court's competence to handle these reviews. However, this is a situation I attribute to discretion rather than valor or any extraordinary confidence in those few who have recently manned the "Gas Panel" of this court.

I feel compelled to write as I do, because the denial of rehearing could give an erroneous impression, appearing as it does to come from the measured consideration of thirteen judges when, in reality, it results from the fact that no "Gas Panel" case can ever go en banc due to disqualifications. It is also written with the hope that emphasizing the situation may assist rectification by changing the views of presently disqualifying judges or the appointing authority, or, failing in that, through the Supreme Court's supervisory power.

(d) For the purposes of this section the following words or phrases shall have the meaning indicated:

. . . .

(4) "financial interest" means ownership of a legal or equitable interest, however small, . . .;

. . . .

(e) No justice, judge, magistrate, or referee in bankruptcy shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b).

2. A paragraph of Advisory Opinion 62 reads:

A judge who was the beneficial owner of a fractional interest in land under mineral lease to two oil companies, raised the question as to his serving on a special panel that would have cases before it, the disposition of which could result in increasing prices of oil or gas. There is presently no production from the land in which the judge has an interest, but he does share in annual lease payments. Since the outcome of the proceeding could substantially affect his beneficial interest in the leases, the Committee concluded he had a disqualifying financial interest in the subject matter in controversy (Doc. 180).

3. Fifth Circuit Internal Operating Procedures ¶ 6(c).

4. The Judge observes:

When we decide a matter of corporate taxation, we potentially affect almost any corporation. When, as in this case, the panel decides—or strongly infers—that retroactive rate increases can't be passed on to consumers, that may well have as much potential economic effect on panel members (as consumers of gas) as it does on another judge whose spouse owns a little production, or as it does on a judge who owns shares in a mutual fund owning stock in a corporate party to the case before the judge, or as it does on a judge who owns a life insurance policy and sits on a diversity case in his own state construing life insurance policies.