NEW ORLEANS PUBLIC SERVICE, INC., Plaintiff,

and

Ernest N. Morial, et al., Individually and as Representatives of a Class, Applicants for Intervention-Appellants,

v.

UNITED GAS PIPE LINE COMPANY, Defendant-Appellee.

No. 82–3194.

United States Court of Appeals, Fifth Circuit.

Oct. 26, 1983.

McGlinchey, Stafford & Mintz, Donald R. Mintz, Constance Charles Willems, New Orleans, La., for applicants for intervention-appellants.

Lemle, Kelleher, Kohlmeyer & Matthews, C. Murphy Moss, Jr., Robert G. McIver, Victoria L. Knight, New Orleans, La., James M. Costan, Kevin W. McLean, Douglas Knox Bemis, Jr., W. DeVier Pierson, Washington, D.C., for defendant-appellee.

## ORDER GRANTING RENEWED SUGGESTION FOR REHEARING EN BANC

CLARK, Chief Judge:

Because of the unique procedural turns this appeal has taken since the panel opinion was published on November 8, 1982 (690 F.2d 1203), the developments that lead to today's order are detailed below:

On December 27, 1982, the panel announced that no judge in regular active service on the court had requested a poll of the court on the petition for rehearing en banc and that the suggestion for rehearing en banc was denied. Judge Garwood dissented. 694 F.2d 421.

On February 23, 1983, this action was reconsidered and an order was entered reciting that a poll had been taken and a majority of the judges in regular active service on the court had voted in favor of granting rehearing en banc.

On June 2, 1983, four days prior to scheduled oral argument before the en banc court, the court vacated the grant of rehearing en banc. 707 F.2d 834. The reason for this action was the belated realization by four judges in regular active service on the court that as direct ratepayers of New Orleans Public Service, Inc., they were members of a putative class and therefore potential parties to this action. All four judges determined to disqualify themselves and suspend their votes in the en banc poll until advice could be sought on the propriety of their participation in this cause from the Advisory Committee on Codes of Conduct of the Judicial Conference of the United States. A letter was dispatched to that Committee detailing the status of the judges and the posture of the cause. Pertinent extracts from the Committee's response are set out below:

The Committee interpreted your inquiry as related to the necessity of disqualification on the part of four judges. As direct bill-payers, the judges felt that they

could be considered members of a claimed class party to the litigation.

. . . .

It appears from your letter that the class has not been certified but has merely been claimed. It further appears that the matter to be reheard en banc involves only the right of the mayor and city council to intervene, that the question of whether the applicants for intervention do represent a class has yet to be decided by the district court, and that establishment of the class will not be involved in the en banc rehearing.

Where the utility is a party, the ratepayer status of a judge is not disqualifying. If a judge is a member of a class which has been declared, and the class is a party to the litigation in which the judge is considering participation, that judge would be disqualified. *Canon 3C(1)(d)(i)*.

In light of the Committee's advice, the four judges who previously disqualified themselves have determined to withdraw their disqualifications and reinstate their previous votes. It is therefore unnecessary to discuss the issue raised by the renewed suggestion for rehearing en banc concerning whether disqualified judges are to be counted as judges in regular active service of the court for purposes of determining whether a majority of judges have voted for rehearing en banc. *See Hall v. FERC,* 700 F.2d 218 (5th Cir.1983) (Clark, C.J., dissenting); *Arnold v. Eastern Airlines,* 681 F.2d 186 (4th Cir.1983).

A majority of judges in regular active service of the court having voted in favor of rehearing the cause en banc, it is ordered that the cause be reheard by the court en banc with oral argument on a date hereafter to be fixed. Any party who wishes to supplement the briefs previously filed with matters which have developed subsequent to their filing may submit a letter memorandum to the clerk of court, with thirteen copies, not later than December 20, 1983.