MISSISSIPPI POWER AND LIGHT
COMPANY and Mississippi Public
Service Commission, Plaintiffs,

v.

UNITED GAS PIPE LINE
COMPANY, Defendant.

Civ. A. No. J83–0267(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

April 19, 1985.

David W. Clark, Joseph P. Wise, Wise, Carter, Child & Caraway, Bennett Smith, Miss. Public Service Comm., Jackson, Miss., for plaintiffs.

Holmes Adams, John R. Hutcherson, R. David Kaufman, Brunini, Grantham, Grower & Hewes, Jackson, Miss., for defendant.

MEMORANDUM OPINION

TOM S. LEE, District Judge.

■ This cause is before the court on the application of the Mississippi Public Service Commission (the "Commission") for review of an order of Magistrate John R. Countiss, III, which granted the motion of United Gas Pipe Line Company ("United") to reconsider intervention, denied the Commission's renewed motion to intervene and dismissed with prejudice the Commission's complaint, allowing, however, the Commission to participate in the capacity of *amicus curiae*.[1] After consideration of the briefs submitted by the parties with attachments, the court concludes that the Commission's application for review should be granted for the reasons that the Magistrate was without authority to act on Unit-

---

1. Mississippi Power and Light Company (MP & L) charges United with violating the pricing provisions of a contract between MP & L and United. The Commission has sought intervention primarily to protect the interests of the public and to fulfill its duties as MP & L's regulatory agency. MP & L has filed a statement in support of the Commission's position stating that the Commission has interests which supersede those of MP & L, including the statutory duty to protect the public and assuring a proper distribution of any recovery by MP & L.

ed's dispositive motion [2] and that the Fifth Circuit en banc decision on which the Magistrate relied is factually distinguishable from the situation present in this case.

The Commission's motion to intervene as a party plaintiff was initially granted by Magistrate Countiss under Rule 24(b) of the Federal Rules of Civil Procedure. On application for review before Judge Dan M. Russell, Jr., the ruling of the Magistrate was upheld. In denying the application, Judge Russell relied on a Fifth Circuit panel decision, *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 690 F.2d 1203 (*NOPSI I*), *modified*, 694 F.2d 421 (*NOPSI II*) (5th Cir.1982), *cert. denied*, — U.S. —, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984). The Commission did not appeal the Magistrate's ruling denying the Commission leave to intervene as of right under F.R.Civ.P. 24(a). In the panel decision, *NOPSI I,* the Fifth Circuit had held that the district court erred in denying the city officials' intervention as of right under Rule 24(a) and permissive intervention under Rule 24(b). 690 F.2d at 1207, 1209, 1210, 1215. The panel's decision was predicated on the understanding that the city officials possessed the power to regulate the rates of public utilities within the City of New Orleans. Subsequently, the Fifth Circuit was informed that the city officials no longer had regulatory powers by virtue of a vote of the electorate of New Orleans and accordingly withdrew the holding that the public officials should have been granted leave to intervene as of right. 694 F.2d at 422. However, the panel emphasized that its holding that the district court abused its discretion in denying the officials leave to intervene permissively remained intact. *Id.* (Garwood, J., dissenting). On reconsideration in *NOPSI III,* the Court of Appeals, sitting en banc, held that

the city officials were not entitled to intervene as of right and that the district court did not clearly abuse its discretion in denying the officials' permissive intervention under Rule 24(b). 732 F.2d at 473. In reaching this decision, the Fifth Circuit summarized the panel's rationale in support of the previous decision that the city officials should be allowed permissive intervention. The court stated:

> In reversing the district court's denial of permissive intervention to the City officials, the panel on original submission stressed the City's rate regulatory authority over NOPSI (unaware of the transfer of that authority to the Public Service Commission), stating that "the government rate regulators will need to determine [presumably in NOPSI rate proceedings] the reasonableness of any recovery [by NOPSI] and the method of any refund to consumers"; that the "City Council's intervention ... merely accelerates the public sector review of claims that eventually will require public scrutiny in any event" and "will minimize any future protests that consumers otherwise might have against the City Council for failure to carry out its governmental regulatory responsibilities"; and, that permissive intervention should have been allowed "by the government authorities with rate regulatory responsibilities affecting both the underlying dispute and an existing party to the suit." 690 F.2d at 1210.

732 F.2d at 471. The Fifth Circuit then concluded, Judge Garwood writing for the majority, that "[W]hatever the strength of these considerations in the context of the assumptions on which they rested, they are wholly inapplicable in view of the transfer of all the City's rate and other relevant regulatory authority to the Public Service

---

**2.** Local Rule 8(F) lists those motions regarded as dispositive in this district. The court construes the present motion as dispositive since a request contained in the motion seeks the dismissal of the Commission's complaint with prejudice. Rule 8(F) states that a motion to involuntarily dismiss an action is considered a dispositive motion. Judge Russell has granted both MP & L and the Commission a preliminary injunction, and that ruling has been appealed to the Fifth Circuit. The Magistrate's dismissal of the Commission's complaint does dispose of the issues and interests sought to be advanced by the Commission and is, therefore, as viewed by the court, an involuntary dismissal of "an action". The fact that the breach of contract action between MP & L and United remains for adjudication does not dictate a contrary result.

Commission, which has not sought intervention."[3] 732 F.2d 471–72. Taking into consideration this statement and others in the opinion to the same effect, this court interprets the Court of Appeals' en banc decision to be predicated upon the factual circumstance of the city officials' loss of regulatory power to the Louisiana Public Service Commission.

In this case, the Mississippi Public Service Commission maintains full regulatory authority over its co-plaintiff, Mississippi Power and Light Company (MP & L). Further, in this controversy, MP & L, a public utility, is suing United for an alleged breach of contract, asserting that United has improperly overcharged MP & L according to the pricing provisions of their contract. The factual situation presented is almost identical to what were perceived to be the facts by the panel of the Fifth Circuit in *NOPSI I*. The decision of the original panel, holding that the district court erred in denying the purported regulatory agency's motion to intervene as of right or permissively, has been nullified by the panel decision on petition for rehearing, *NOPSI II* and the en banc decision, *NOPSI III*. However, the latter decisions were based upon the factual change in circumstance of the city officials' loss of regulatory power to the Louisiana Public Service Commission. Since the Mississippi Public Service Commission is vested with regulatory powers, this court concludes that the reasoning in the original Fifth Circuit panel decision, *NOPSI I*, is applicable.

 The Commission has requested that this court determine that it should be allowed to intervene as of right in accordance with the original Fifth Circuit panel decision. However, since the Commission failed to appeal the Magistrate's initial ruling that the Commission could only intervene permissively, the court is of the opinion that the Commission cannot now assert the right to intervene other than by permissive intervention.

For the reasons stated herein, it is ordered that the Commission's application for review is granted and the Magistrate's order denying permissive intervention and dismissing the Commission's complaint is reversed.

---

**3.** Judge William L. Garwood wrote the dissenting opinion in *NOPSI II* in opposition to the majority's holding that the district court abused its discretion in denying the city officials' permissive intervention. 694 F.2d at 422. Judge Jerre S. Williams wrote the majority opinion in *NOPSI II*. *Id.* Upon consideration by the Fifth Circuit en banc, *NOPSI III*, Judge Garwood wrote the majority opinion and Judge Williams wrote the dissenting opinion. 732 F.2d at 454, 473. This might seem to indicate that the *NOPSI III* opinion holding that the district court did not err in denying the city officials intervention as of right or permissive intervention signifies a change in interpretation of the law from the panel's original ruling in *NOPSI I*. However, this is not the case. Judge Garwood specially concurred in *NOPSI I*, stating that he joined in that portion of the majority's opinion holding that the denial of the city officials' requested permissive intervention was an abuse of discretion and found it "unnecessary to reach the question of whether the city officials were entitled to intervene as of right...." 690 F.2d at 1216. In *NOPSI II*, Judge Garwood dissented from the majority's opinion

holding that it was an abuse of discretion to deny the city officials' requested permissive intervention but stated that the basis for his dissent was that relief was only sought under the private contract between NOPSI and United and that the Louisiana Public Service Commission, which did not seek to intervene, and not the city, had all of the authority to regulate NOPSI. 694 F.2d at 422. (Garwood, J. dissenting). The statements by Judge Garwood in *NOPSI I* and *NOPSI II* indicate that his opinion in the en banc decision was grounded upon the fact that the city officials had lost their powers to regulate NOPSI to the Louisiana Public Service Commission, not that a regulatory agency with its powers intact should not be allowed to intervene at least permissively.

United argues that *NOPSI I* was withdrawn by the Fifth Circuit in *NOPSI III* and that the original panel decision is therefore without any precedential value. However, the court notes that this decision was recently cited as precedent in a Second Circuit decision. *United States v. Hooker Chemicals & Plastics,* 749 F.2d 968, 985 (2nd Cir.1984).