UNITED STATES of America, Plaintiff-Appellee,

v.

Walter L. NIXON, Jr., Defendant-Appellant.

No. 86–4248.

United States Court of Appeals, Fifth Circuit.

Sept. 8, 1987.

**1020**

William F. Goodman, Jr., Jackson, Miss., Fawer & Zatzkis, New Orleans, La., Boyce Holleman, Gulfport, Miss., Benjamin C. Toledano, Pass Christian, Miss., Martha G. Carson, Ocean Springs, Miss., David O. Stewart, Washington, D.C., for defendant-appellant.

Reid H. Weingarten, Washington, D.C., George Phillips, U.S. Atty., Jackson, Miss., Jan Nielsen Little, Washington, D.C., for plaintiff-appellee.

ON PETITION FOR REHEARING and SUGGESTION FOR REHEARING EN BANC

Before VAN GRAAFEILAND *, GARWOOD and JONES, Circuit Judges.

---

* Circuit Judge of the Second Circuit, sitting by designation.

1. The recused judges are Chief Judge Clark and Judges Rubin, Reavley, Politz, Randall, Johnson, Williams, Jolly, Higginbotham, Davis, and Hill. Chief Judge Clark has recused himself both administratively and judicially.

**PER CURIAM:**

The petition for rehearing is DENIED, and no member of this panel nor judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the suggestion for rehearing en banc is DENIED.

\* \* \*

This opinion is entered by the panel in response to appellant's "Memorandum Concerning En Banc Procedures" filed herein in connection with, but separate from and subsequent to, appellant's suggestion for rehearing en banc. Appellant's referenced memorandum addresses itself to the circumstance that eleven of the fourteen judges in regular active service on this Court have recused themselves from consideration of appellant's suggestion for rehearing en banc.[1] Appellant's memorandum makes several suggestions in this regard, summarized as follows:

1. That this Court modify its Rule 35.6, which provides that a case cannot be heard or reheard en banc unless a majority of all judges in regular active service on this Court—including any who may be recused in the particular case—vote that the case be heard or reheard en banc. Appellant urges in this connection that, contrary to the explicit provisions of the first paragraph of our Rule 35.6, rehearing en banc should be granted if a majority of the *non* recused judges in regular active service on the Court vote in favor of rehearing en banc.

2. In addition, appellant's memorandum also proposes that in any event the number of judges considering appellant's suggestion for rehearing en banc be enlarged "preferably [to] at least seven judges" by one of the following alternatives: (a) appellant's waiver of all the recusals[2]; (b) designation by the Chief

---

2. Appellant's memorandum states he "is willing to waive all such disqualifications, and invites the government to do the same." The Government, in its response to this portion of appellant's memorandum, states in relevant part as follows:

"The Government did not seek these recusals and we do not waive them at this time. The Government naturally assumes that each

Judge of this Court under 28 U.S.C. § 294(c) of senior judges of this Court to participate in reviewing the en banc suggestion; (c) presentation by the Chief Judge of this Court to the Chief Justice of the United States of a certificate of necessity under 28 U.S.C. § 291(a) requesting the assignment of judges from other courts to review the en banc suggestion.[3]

3. That if the foregoing steps are not taken "the Rule of Necessity renders void all of the recusals on the en banc suggestion."[4]

None of the procedures suggested by appellant has been adopted. We further explain as follows.

■ With respect to our Rule 35.6, it is binding, and was adopted and has continued in force with full knowledge of its implications. *See Hall v. Federal Energy Regulatory Commission*, 700 F.2d 218 (5th Cir.1983), *cert. denied sub nom. Arkla, Inc. v. Hall*, 464 U.S. 822, 104 S.Ct. 88, 78 L.Ed.2d 96 (1984). While we recognize that there is a split in the practice of the Circuits in this regard, it appears that the majority follows the same practice that this Court follows. *See Lewis v. University of Pittsburgh*, 725 F.2d 910, 928–30 (3d Cir.) (statement sur petition for rehearing of Adams, J.), *cert. denied*, 469 U.S. 892, 105 S.Ct. 266, 83 L.Ed.2d 202 (1984); *United States v. Claiborne*, 765 F.2d 784 (9th Cir. 1985), 781 F.2d 1325, 1327, 1334 (9th Cir. 1985, 1986) (dissenting opinions on denial of rehearing en banc), *cert. denied*, — U.S. —, 106 S.Ct. 1636, 90 L.Ed.2d 182 (1986);

*United States v. Claiborne*, 790 F.2d 1355, 1356 (9th Cir.1986); *In re Ahlers*, 794 F.2d 388, 414–16 (8th Cir.1986), *cert. granted sub nom. Northwest Bank Worthington v. Ahlers*, — U.S. —, 107 S.Ct. 3227, 97 L.Ed.2d 733 (1987) (grant of *certiorari* "limited to Question 1 presented by the petition"; we understand that this question in no way relates to en banc procedures). Further, our rule plainly seems to be sustained by *Shenker v. Baltimore & Ohio R.R. Co.*, 374 U.S. 1, 83 S.Ct. 1667, 1670, 10 L.Ed.2d 709 (1963). Moreover, even if appellant's position were to be adopted, so that rehearing en banc could be granted by the affirmative vote of a majority of nonrecused judges in regular active service, this would avail appellant nothing for no en banc poll has been requested, and even if there were a poll none of the nonrecused judges of this Court in regular active service would in any event vote to grant rehearing en banc in this case.

■ With respect to the suggestions for designation of senior Circuit judges to participate in reviewing the en banc suggestion pursuant to section 294(c), or for a certificate of necessity under section 291(a) to the Chief Justice of the United States for the assignment of judges from other courts to review the en banc suggestion, we observe that under the wording of 28 U.S.C. § 46(c) and the Supreme Court's holding in *Moody v. Albemarle Paper Co.*, 417 U.S. 622, 94 S.Ct. 2513, 41 L.Ed.2d 358 (1974), only judges of the Circuit who are in regular active service may make the determination to rehear a case en banc. While

---

judge who recused himself did so with good cause and with full understanding of the effect of the recusal on the en banc process. It does not believe it appropriate to urge recused judges to reconsider decisions that doubtless were not lightly made. Should the Court or individual judges be inclined to reconsider the recusal decisions, the Government would review each judge's disclosure made pursuant to 28 U.S.C. § 445(e) prior to deciding whether or not it believes waiver to be appropriate." None of the recused judges of this Court has withdrawn his or her recusal. Consequently, we do not further consider such suggestion.

We further observe that the Government, in its referenced response, opposes each of the other suggestions made in appellant's memorandum.

3. Since Chief Judge Clark has recused himself in this matter administratively as well as judicially, Judge Gee, who is not recused herein and who is the next senior judge of the Court in regular active service, performs the duties of chief judge in this respect. 28 U.S.C. § 45(d). In that capacity, Judge Gee has declined to make the requested designation under section 294(c) and has declined to make the requested certificate under section 291(a). Judge Gee further advises of his concurrence in this opinion.

4. However, as previously observed, none of the recusals has been withdrawn, and none of the recused judges has participated.

*Moody* did not expressly refer to either section 291(a) or section 294(c), nevertheless the Supreme Court was doubtless aware of those sections, but made no suggestion that they might be exceptions to the clear provisions of section 46(c). Further, in *United States v. American-Foreign S.S. Corp.*, 363 U.S. 685, 80 S.Ct. 1336, 4 L.Ed.2d 1491 (1960), the Court, in its holding that senior judges could not participate in the decision of an en banc court, made specific reference to section 294, plainly indicating that it did not regard that section as being applicable to en banc proceedings. *Id.* 80 S.Ct. at 1338. Section 46(c) was amended following the decision in *American-Foreign S.S. Corp.*, and now authorizes a senior judge of the Circuit to participate as a member of an en banc court reviewing the decision of a panel of which such judge was a member, such participation in the en banc court to be at the judge's "election and upon designation and assignment pursuant to section 294(c) of this title and the rules of the circuit." However, no senior judge of this Circuit participated in the panel decision in this case. Moreover, the above-quoted portion of section 46(c) indicates that Congress considered the potential applicability of section 294(c) to the service of senior judges in connection with en banc processes, and limited section 294(c)'s applicability in that respect to decisions of the en banc court reviewing panel decisions in which the senior judge of the Circuit participated. In sum, section 46(c), which specifically speaks to the question, must control over the general provisions of sections 294(c) and 291(a).

■ We also observe that since an en banc court consisting of only three judges of the Circuit in regular active service has been held permissible, *United States v. Martorano*, 620 F.2d 912 (1st Cir.), *cert. denied*, 449 U.S. 952, 101 S.Ct. 356, 66 L.Ed.2d 216 (1980), and since there are three nonrecused judges in regular active service on this Court, there is no occasion for "a certificate of necessity" under section 291(a). The same conclusion likewise follows from the fact that none of the nonrecused judges in regular active service on this Court deems this case appropriate for en banc consideration, irrespective of the constraints of Local Rule 35.6. And this same reasoning also leads to the conclusion that the "Rule of Necessity" is inapplicable.

■ Appellant's memorandum takes the position that if the procedures therein suggested are not followed, appellant will be denied equal protection of the laws and due process of the law. We disagree. In *Moody*, the Supreme Court reaffirmed the holding in the *Western Pacific Railroad* case, 345 U.S. 247, 73 S.Ct. 656, 97 L.Ed. 986 (1953), which it characterized as construing section 46(c) to be "a grant of power to the courts of appeals to order hearings or rehearings in banc, not the creation of a right in litigants to compel such hearings or rehearings or even to compel the court to vote on the question of hearing or rehearing." *Moody*, 94 S.Ct. at 2515. *See also Shenker*, 83 S.Ct. at 1670. Indeed, the *Western Pacific Railroad* case recognizes that the full court "may choose to abide by the decision of the division by entrusting the initiation of a hearing or rehearing *en banc* to the three judges" of the panel. 73 S.Ct. at 662 (emphasis in original). That opinion likewise states: "We hold that litigants are given no *statutory* right to compel each member of the court to give formal consideration to an application for a rehearing *en banc*. We hold that the statute does not compel the court to adopt any particular procedure governing the exercise of the power...." *Id.* at 666 (emphasis in original). The Court in the *Western Pacific Railroad* case then went on to observe that "whatever the procedure which is adopted, it should not prevent a litigant from suggesting to those judges who, under the procedure established by the court, have the responsibility of initiating a rehearing *en banc*, that his case is an appropriate one for the exercise of the power." *Id.* (emphasis in original). Our procedure in Rule 35.6 comports with these standards. And, even if that procedure were as appellant claims it should be, it would not avail appellant because none of the nonrecused judges in regular active service deems the case ap-

propriate for rehearing en banc in any event.

We observe in this connection that none of the judges of the panel deciding this case did so under the constraint of being required to follow a prior decision of this Court with which they disagreed but were nevertheless obligated to adhere to under the rule of this Court that only the en banc court can overrule prior panel decisions (unless such decisions have been invalidated by intervening decisions of the Supreme Court).

■ Finally, under the practice of this Court en banc consideration is limited to cases involving " 'a precedent-setting error of exceptional public importance or an opinion which directly conflicts with prior Supreme Court [or] Fifth Circuit precedent.' " *Gonzalez v. Southern Pacific Transp. Co.,* 773 F.2d 637, 641 (5th Cir.1985) (quoting Internal Operating Procedures of the United States Court of Appeals for the Fifth Circuit accompanying Local Rule 35). This case does not fall within either category. The panel opinion is not in direct conflict with any prior Supreme Court or Fifth Circuit precedent. Although appellant characterizes his contentions otherwise, we believe that in substance they actually amount only to a claim that the panel has made a " 'misapplication of correct precedent to the facts of the case.' " *Gonzalez,* 773 F.2d at 641.[5] Similarly, the panel opinion does not involve "a precedent-setting error of exceptional public importance." As indicated, even if the panel erred (and it continues unanimously in the view that it did not), the error would at most amount to one of misapplication of precedent to the facts at hand, rather than establishing a new precedent of exceptional public importance. We recognize that the decision in this case, as opposed to the rules of law applied in the panel opinion, is of public importance because of the position of appellant, but we do not consider that appellant's position alone suffices to make the case appropriate for en banc consideration. *Cf. United States v. Claiborne,* 765 F.2d 784 (9th Cir.1985), 781 F.2d 1325, 1327, 1334 (9th Cir.1985, 1986) (dissenting opinions on denial of rehearing en banc), *cert. denied,* —— U.S. ——, 106 S.Ct. 1636, 90 L.Ed.2d 182 (1986); *United States v. Claiborne,* 790 F.2d 1355, 1356 (9th Cir.1986); *United States v. Isaacs,* 493 F.2d 1124, 1167–69 (7th Cir.), *cert. denied,* 417 U.S. 976, 94 S.Ct. 3184, 41 L.Ed.2d 1146 (1974). Accordingly, we do not deem the case an appropriate one for en banc consideration.

---

**5.** The panel continues unanimously in the view that no misapplication has been made.