**UNITED STATES, Appellee,**

v.

**Lee H. LEICHTER, Defendant, Appellant.**

**United States, Appellee,**

v.

**John F. Cvinar, Defendant, Appellant.**

**United States, Appellee,**

v.

**David W. Prigmore, Defendant, Appellant.**

Nos. 97–1358, 97–1359, 97–1478.

United States Court of Appeals, First Circuit.

Jan. 21, 1999.

Before: TORRUELLA, Chief Judge, SELYA, BOUDIN, STAHL, and LIPEZ, Circuit Judges.

### ORDER OF THE COURT

The United States has filed a petition for rehearing en banc in these cases. The governing statute, 28 U.S.C. § 46(c), and the applicable procedural rule, Fed.R.App.P. 35(a), require the votes of "a majority of the circuit judges of the circuit who are in regular active service" to grant a petition for rehearing en banc. We construe this language to require that an absolute majority of the court's active judges vote in favor of the petition. *See United States v. Nixon,* 827 F.2d 1019, 1020–21 (5th Cir.1987); *Lewis v. University of Pittsburgh,* 725 F.2d 910, 928–30 (3d Cir.1984) (statement sur petition for rehearing of Adams, J.); *Clark v. American Broadcasting Cos.,* 684 F.2d 1208, 1226 (6th Cir.1982); *Boyd v. Lefrak Organization,* 517 F.2d 918, 918 (2d Cir.1975); *Zahn v. International Paper Co.,* 469 F.2d 1033, 1040–41 (2d Cir.1972); *but see Arnold v. Eastern Air Lines, Inc.,* 712 F.2d 899, 904 (4th Cir.1983) (holding that the phrase "regular active ser-

vice" should be construed as a case-specific suggestion, referring to judges who, for example, had not recused themselves from participating in a particular case) (opinion of Murnaghan, J.). We note, however, that vacant judgeships are to be excluded from the count. *See United States v. Martorano,* 620 F.2d 912, 920 (1st Cir.1980) (holding that a vacant judgeship does not constitute a judge "in regular active service").

This court currently has six authorized judgeships. *See* 28 U.S.C. § 44(a). There are no vacancies. In this instance, three active judges (Selya, Stahl, and Lipez, JJ.), believing that these consolidated appeals involve a question of exceptional importance and doubting the correctness of the panel opinion, have voted in favor of rehearing en banc. Two active judges (Torruella, C.J., and Boudin, J.), believing that the panel opinion reaches a correct result, have voted against rehearing en banc. One active judge (Lynch, J.) has recused herself from any participation in these cases.[1]

Under the "absolute majority" rule, four votes are required to grant rehearing en banc when, as now, the court is at full strength. Consequently, the petition for rehearing en banc is denied.

---

1. Judge Campbell, who is on senior status, was a member of the original panel and dissented from the panel opinion. Although he would therefore be eligible to participate in a rehearing en banc, he is not eligible to vote on whether such a rehearing should be granted. *See* 28 U.S.C. § 46(c).