REYNA, Circuit Judge,
dissenting.
The court should not have granted en banc review in this case. En banc review is disfavored and granted only when necessary to secure or maintain uniformity of the court’s decisions or when thp proceeding involves a question of exceptional importance. Fed. R. App. Proc. 35(a); Missouri v. Jenkins, 495 U.S. 33, 46 n.14, 110 S.Ct. 1651, 109 L.Ed.2d 31 (1990). This case meets neither requirement. The en banc decision neither resolves a disagreement among the court’s decisions nor answers any exceptionally -important question.
Applying Rule 35, this court has found a variety of grounds to support an en banc *1086 review. One reason we take cases en banc is to overrule precedent. See, e.g., In re Tam, 808 F.3d 1321, 1330, n.1 (Fed. Cir. 2015), as corrected (Feb. 11, 2016); Williamson v. Citrix Online, LLC, 792 F.3d 1339, 1347-49 & n.3 (Fed.-Cir. 2015). Another is to consider whether prior decisions remain sound in light of later Supreme Court decisions. See, e.g., Lexmark Int’l, Inc. v. Impression Prod., Inc., 816 F.3d 721, 726 (Fed. Cir.-2016); SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC, 807 F.3d 1311, 1315 (Fed. Cir. 2015). We also take cases en banc to review whether a panel properly interpreted a statute, such as in a case of first impression. See, e.g., Suprema, Inc. v. Int’l Trade Comm’n, 796 F.3d 1338, 1344-45 (Fed. Cir. 2015). We have also taken cases en banc to “set forth the law” on an issue the Supreme Court has invited us to revisit. See, e.g., Akamai Techs., Inc. v. Limelight Networks, Inc., 797 F.3d 1020, 1022 (Fed. Cir. 2015). The majority opinion today does not purport to do any of these.[1]
Instead, the majority opinion reverses the panel based on its disagreement on extremely narrow questions—the claim construction of a single patent, whether substantial evidence exists to support certain jury factual findings, and the ultimate determination of obviousness for two patents. The majority opinion is based on a belief that the panel’s decision was wrong in its application of existing law to the facts of the case, and in its understanding of the facts of the case. Neither reason justifies en banc review.
Granting en banc review merely because the panel allegedly reached the incorrect result “reduces the ‘exceptional importance’ test” to one based on “result-oriented criteri[a].” Bartlett ex rel. Neuman v. Bowen, 824 F.2d 1240, 1242 (D.C. Cir. 1987) (Edwards, J., joined by Wald, C.J. and Circuit Judges R.B. Ginsburg, Mikva, and Robinson, concurring in denials of rehearing en banc). “The fact that 6 of 11 judges agree with a particular result does not invest that result with any greater legal validity than it would otherwise have.” Id. at 1243.
Judges on this court have explained that en banc review should be reserved for matters of exceptional importance or to maintain uniformity in our precedent. When a panel opinion “is not viewed as having changed the law,” disagreement with the panel’s decision “is not a sufficient reason for en banc review.” Dow Chem. Co. v. Nova Chems. Corp. (Canada), 809 F.3d 1223, 1227-28 (Fed. Cir. 2015) (Moore, J., joined by Newman, O’Malley, and Taranto, JJ., concurring in denial of rehearing en banc). En banc intervention should be reserved for actual conflicts between precedential cases and for cases of exceptional importance. DSU Med. Corp. v. JMS Co., 471 F.3d 1293, 1311 (Fed. Cir. 2006) (Michel, C.J., and Mayer, J., concurring).[2]
*1087 The role of an en banc court is “not simply to second-guess the panel on the facts of a particular case.” In re Dillon, 919 F.2d 688, 700 n.3 (Fed. Cir. 1990) (Newman, J., joined by Cowen and Mayer, JJ., dissenting). Not every error by a panel is “enbancable,” and “[a] panel is entitled to err without the full court descending upon it.” Amgen Inc. v. Hoechst Marion Roussel, Inc., 469 F.3d 1039, 1043 (Fed. Cir. 2006) (Lourie, J., concurring in denial of rehearing en banc).
Under principles of judicial economy, the Federal Rules of Appellate Procedure instruct us to limit our en banc review to cases presenting important issues meriting the court’s full resources and careful attention. Fed. R. App. P. 35.
The decision to grant en banc consideration is unquestionably among the most serious non-merits determinations an appellate court can make, because it may have the effect of vacating a panel opinion that is the product of a substantial expenditure of .time and. effort by three judges and numerous counsel. Such a determination should be made only in the most compelling circumstances.
Bartlett, 824 F.2d at 1242.
The issues the majority opinion addresses are not such issues, as it claims to apply existing law to the facts of the case. The majority opinion does not explore the applicability of existing law, or the first interpretation of a statute. The opinion does not claim to change the law or lead to a greater understanding of the law as its result. In sum, the majority’s en banc review is simply a do over.
My concern here is that we have made exceptional something that is unexceptional. I see lurking in this matter potential for damage to our system of justice. I agree with Justice Cardozo that law should be “uniform and impartial,” and that “[tjhere must be nothing in its action that savors of prejudice or.favor or even arbitrary whim or fitfulness.” Benjamin N. Cardozo, The Nature of the Judicial Process 112 (1921). En banc reviews undertaken on bases that are not of exceptional importance or to maintain uniformity in the court’s decisions will create jurisprudence based on arbitrary, whim and fitfulness.
The majority opinion is not a response to specific legal questions, as is typically the case for an en banc review. Indeed, en banc questions were not presented to the public, new or supplemental briefing was not ordered, and additional oral argument was not held. The majority based its “substantial evidence” review on the original briefs and record before the court.
Yet, I discern certain legal issues that I believe the court could or should have explicitly addressed. I address two such issues below: substantial evidence and objective indicia of nonobviousness.
1. SubstaNtial Evidenob
The en banc court reverses the panel’s decision because it disagrees with the panel about whether substantial evidence supports the jury’s implicit factual findings underlying its obviousness and infringement verdicts. As Chief Judge Prost’s dissent explains, the majority opinion misap *1088 plies the substantial evidence standard of review.
It is not apparent what type of substantial evidence review standard—if any—the majority opinion applies. Merely reciting all of the evidence that arguably tangentially relates to the factual findings at issue is not consistent with the Supreme Court’s case law on substantial evidence. See, e.g., Con. Edison Co. v. Nat’l Labor Relations Bd., 305 U.S. 197, 229-30 (1938).
In reviewing a jury’s obviousness verdict, “we review all of the jury’s explicit and implicit factual findings for substantial evidence.” Kinetic Concepts, Inc. v. Smith & Nephew, Inc., 688 F.3d 1342, 1360 (Fed. Cir. 2012). “We then examine the legal conclusion of obviousness de novo to detei*-mine whether it is correct in light of the factual findings that we find adequately supported.” Id. (citing Jurgens v. McKasy, 927 F.2d 1552, 1557 (Fed. Cir. 1991)).
The majority opinion implies that any evidence is substantial evidence, and that therefore we cannot actually examine the evidence presented to determine whether it actually supports the findings it is alleged to support. For example, the opinion cites survey evidence that consumers would rather purchase devices with a slide-to-unlock feature preventing accidental unlocking than purchase devices without a feature preventing accidental unlocking. Maj. Op. 1054-55; J.A. 21066. This evidence is cited as substantial evidence of commercial success of the '721 patent, which claims a particular slide-to-unlock feature.
But prior art devices, such as the Neo-node, included similar slide-to-unlock features,. so evidence of commercial success tied to the mere presence of such a feature—and not the novel aspects of it—is not substantial evidence of commercial success. “Where the offered secondary consideration actually results- from something other than what is both claimed and novel in the claim, there is no nexus to the merits of the claimed invention.” In re Huai-Hung Kao, 639 F.3d 1057, 1068 (Fed., Cir. 2011) (emphasis original); see also, e,g,, Tokai Corp. v. Easton Enters., Inc., 632 F.3d 1358, 1369 (Fed. Cir. 2011) (“If commercial success is due to an element in the prior art, no nexus exists.”).[3] Such survey evidence cannot support an implicit jury finding of any commercial success.
I believe that a district court or this court, when reviewing whether findings of fact are supported by substantial evidence, must actually review the evidence. -It should determine if it is substantial evidence, as opposed to merely evidence. As the majority opinion does not do so today, perhaps an en banc opinion explaining this court’s role in substantial evidence review is warranted. The court en banc could provide guidance on what the substantial evidence standard means and how it is applied when we review the factual findings that underlie jury verdicts.[4]
2. Obviousness Analysis
I see an additional implicit dispute underlying the en banc court’s reversal of the *1089 panel’s obviousness determinations, one that might have served as proper grounds for en banc review in this case.
The original panel opinion could arguably be interpreted as applying a burden-shifting analysis for determining whether a patent is obvious. For example, it said “the prima facie case of obviousness was strong. Apple’s evidence of secondary considerations was weak and did not support a conclusion that the '721 patent was nonob-vious.” Apple, 816 F.3d at 804. In addition, in his dissent, Judge Dyk cites Supreme Court precedent in making a forceful argument that secondary considerations of non-obviousness carry little weight where strong evidence of obviousness exists.
. The majority opinion states that “[a] determination of whether a patent claim is invalid as obvious under § 103 requires consideration of all four Graham factors, and it is error to reach a conclusion of obviousness until all those factors are considered.” Maj. Op. 1048. It notes that “Mbjective indicia of non-obviousness must be considered in every case where present.” Id.
We addressed this issue in In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig., 676 F.3d 1063 (Fed. Cir. 2012). We explained that applying a burden-shifting framework in district court proceedings was inconsistent with this court’s decision in Stratoflex, Inc. v. Aeroquip Corp., 713 F.2d 1530, 1538 (Fed. Cir. 1983). 676 F.3d at 1076-80. We noted that such a burden-shifting framework only “ma[d]e sense” in the context of prosecuting patents before the U.S. Patent and Trademark Office. Id. at 1080 n.7.
It seems to me that the court disagrees over the role objective indicia play in the court’s analysis of the ultimate determination of obviousness. If so, we should candidly address this issue en banc.
The legal questions I see here include (1) whether an obviousness analysis involving secondary considerations (or objective indicia of non-obviousness) is a one- or two-step process and (2) how much weight to accord secondary considerations in the obviousness analysis.
These are important issues that should be addressed in the front room of the courthouse, with all stakeholders at the litigation table. Because we failed to do so in this case, I respectfully dissent.

. A survey of this issue shows that judges on every circuit have agreed that en banc review should be reserved for such circumstances. For example, "if the legal standard is correct, then the full court should not occupy itself .with whether the law has been correctly applied to the facts.” Watson v. Geren, 587 F.3d 156, 160 (2d Cir. 2009) (per curiam). “If that were the appropriate course, then our dockets would be overloaded with en banc polls contesting a panel’s examination of particular sets of facts.” Id. Even if a panel allegedly errs, en banc review is not warranted when “the error would at most amount to one of misapplication of precedent to the facts at hand.” United States v. Nixon, 827 F.2d 1019, 1023 (5th Cir. 1987) (per curiam).
*1087 Disagreement with a panel decision is not a sufficient ground for an en banc rehearing. Mitchell v. ICG Indus., Inc., 753 F.3d 695, 699 (7th Cir. 2014) (Posner, J., concurring in denial of rehearing en banc). “[T]here are standards for granting rehearing en banc, and for obvious reasons they do not include: ‘I disagree with the panel majority.' ” Id. "In considering rehearing requests, the inquiry should not be, 'would I have voted differently than the panel majority,’ but rather, ‘is the issue this case presents particularly important or in tension with precedent.’ ” United States v. Foster, 674 F.3d 391, 409 (4th Cir. 2012) (Wynn, J.,f dissenting from denial of rehearing en banc).

. Samsung argued in its briefing on appeal that Apple had not established a nexus between this evidence and the slide-to-unlock feature, Samsung Br. 37; see also Samsung Response & Reply Br. 21.

. As the case before us demonstrates, different appellate judges can review the same evidence and disagree whether it is substantial evidence in support of a jury's factual findings, and they can interpret the same patent and decide on a different claim construction. Judges can and often do disagree on results, as demonstrated by the frequent number of split panels.
Here, for example, the majority opinion finds that substantial evidence supports an implicit jury factual finding of commercial success for the '721 patent. Maj. Op. 1056. As an example of such evidence, it cites Apple’s *1089 expert testimony that "clearly there’s been commercial success of the iPhones that use this invention.” Id. at 1055. In contrast, the panel did not even find this testimony worth mentioning in its analysis that no nexus existed between Apple’s commercial success evidence and the merits of Apple's 721 patent. Apple Inc. v. Samsung Eleecs. Co., 816 F.3d 788, 806 (Fed. Cir. 2016). We have repeatedly stated that that conclusory testimony does not suffice as substantial evidence, see, e.g., Whitserve, LLC v. Comput. Packages, Inc., 694 F.3d 10, 24 (Fed, Cir. 2012), and that evidence of commercial success is, not substantial evidence unless there is a nexus between it and the merits of the claimed invention, see, e.g., Merck & Cie v. Gnosis S.P.A., 808 F.3d 829, 837 (Fed. Cir. 2015).